**UNITED STATES of America,
Appellee,**

v.

**Muhammad Arshad KHAN, also known
as Mohd Khan, also known as Irshad
Shah Defendant–Appellant.**

No. 03–1628.

United States Court of Appeals,
Second Circuit.

Oct. 7, 2004.

Uzman Saghir, Law Offices of Uzmah Saghir, Brooklyn, NY, for Defendant–Appellant.

Harry Sandick, Assistant United States Attorney (David N. Kelly, United States Attorney for the Southern District of New York; Celeste L. Koeleveld, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

Present: CARDAMONE, McLAUGHLIN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Defendant–Appellant Muhammad Arshad Khan, a/k/a "Mohd Khan" and "Irshad Shah," appeals from a judgment of conviction following his guilty plea in which he admitted to possessing with intent to sell between one and three kilograms of heroin.

Pursuant to a plea agreement (the "Plea Agreement"), Khan pled guilty to Count One of Information 01 Cr. 778, charging him with conspiracy to distribute heroin, in violation of Title 21, United States Code, Section 846. As part of the Plea Agreement, the parties agreed that Khan's sentencing range would be 70–87 months' imprisonment (the "Stipulated Sentencing Guidelines Range"). The parties further agreed that Khan "will neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence at or below the Stipulated Sentencing Guidelines Range of 70–87 months."

During Khan's plea, the district court confirmed that Khan knowingly and willfully waived his right to plead not guilty and to compel the Government to prove its case at trial. The court further confirmed that Khan understood his plea agreement and that the sentence to be imposed on his would be based on the conduct to which he admitted and would be in accordance with the United States Sentencing Guidelines (the "Guidelines").

After pleading guilty, Khan obtained new counsel. Prior to Khan's sentencing, his new counsel sought downward departures based on Khan's extraordinary family circumstances and his limited role in the drug trafficking conspiracy to which he pled guilty. On September 30, 2003, the district court rejected Khan's requests for downward departures and sentenced him to a term of 70 months' imprisonment, five years' supervised release, and a $100 special assessment. Judgment was entered on October 3, 2003, and Khan filed a timely appeal.

■ Waiver of the right to appeal as part of a plea agreement is enforceable "when the sentence imposed 'conforms to the parameters of a plea agreement entered into knowingly and voluntarily.'" *United States v. DeJesus*, 219 F.3d 117, 121 (2d Cir.2000) (quoting *United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir.1995)). Khan does not dispute that his guilty plea was knowing and voluntary.

While this Circuit will generally uphold a knowing and voluntary waiver of the right to appeal a sentence within an agreed-upon Guidelines range, such waivers may be unenforceable when the sentence is based on a constitutionally impermissible factor. *See United States v. Rosa*, 123 F.3d 94, 98 (2d Cir.1997). In *United States v. Johnson*, 347 F.3d 412, 415 (2d Cir.2003), this Court held that "where ... a defendant alleges that his sentence is constitutionally deficient because it rests improperly upon his status, a plea agreement cannot serve to waive his appeal." Khan seeks to apply *Johnson* to the facts of this case by arguing that he received a constitutionally deficient sentence because, as an individual prosecuted in the Southern District of New York, he received a harsher sentence than similarly situated offenders routinely receive in the Eastern District of New York. Even if Khan would have obtained a lesser sentence in the Eastern District, the jurisdiction where a defendant is arrested is not a constitutionally protected category. *See United States v. Bonnet–Grullon*, 212 F.3d 692, 707 (2d Cir.2000), *superseded by stat-*

ute on other grounds, *United States v. Leiva–Deras*, 359 F.3d 183, 188 (2d Cir. 2004) (noting that "regional variations in prosecution policy" do not provide a basis for downward departures). Thus, Khan's waiver of his right to appeal does not fall within the narrow category of unenforceable waivers. Since he agreed that he would not appeal any sentence that was within the stipulated range of 70—87 months and the district court sentenced him to a term of 70 months' imprisonment, Khan waived his right to contest his sentence on appeal.

Even if he had not waived his right to appeal, Khan's role in the drug trafficking conspiracy—in which he smuggled heroin valued at approximately $144,000 into the United States, met with a buyer, negotiated terms for sale of the drugs, and delivered approximately half of the negotiated amount of narcotics in exchange for a small payment—is more substantial than the minor participation required for a downward departure under the Guidelines. *See* U.S.S.G. § 3B1.2(a).[1]

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

1. We have considered Khan's other arguments raised on appeal and find them to be without merit.