**UNITED STATES of America,**
**Government,**

v.

**Eduardo CALIXTO–BRAVO,**
**Defendant.**

**No. CRIM. 04–80298.**

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 3, 2004.

Frances L. Carlson, United States Attorney's Office, Detroit, MI, for Plaintiff.

Federal Defender, Federal Defender Office, Detroit, MI, for Defendant.

## OPINION

FEIKENS, District Judge.

On November 4, 2004, I denied Defendant's Motion for a Downward Departure. In part, Defendant argued that the Government violated his equal protection rights when it failed to certify the Eastern District of Michigan as a "fast track" district pursuant to U.S.S.G. § 5K3.1, and therefore failed to move to reduce Defendant's sentence as a part of a "fast track" program. Because the Sixth Circuit has not spoken on this issue, I write now to explain my reasons for denying the motion.

## FACTUAL BACKGROUND

In June of 2004, Defendant, a Mexican National, entered a plea of guilty to the charge of illegal reentry after being deported for an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) & (b)(2).

## ANALYSIS

U.S.S.G. § 5K3.1 provides for "Early Disposition Programs" (which Defendant describes as "fast track" programs). The Guidelines Manual reads: "Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." *U.S. Sentencing Guidelines Manual* § 5K3.1 (2004); *see also* Pub.L. 108–21 § 401(m)(2)(B). The section, which was originally passed as part of the PROTECT Act, was effective on October 27, 2003. *Id.* No Early Disposition Program has been authorized in the Eastern District of Michigan.

Defendant argues his equal protection rights were violated, because had he committed the same crime in a district that had a "fast track" program, the Government might have moved for a reduction in his sentence. However, no less than three circuits have ruled that "where [sentencing] disparities arise from varying charging and plea-bargaining policies of the individual United States Attorneys" it is inappropriate for a judge to grant a downward departure. *United States v. Armenta–Castro,* 227 F.3d 1255, 1257 (10th Cir.2000), citing *United States v. Banuelos–Rodriguez,* 215 F.3d 969, 978 (9th Cir.2000); *United States v. Bonnet–Grullon,* 212 F.3d 692, 710 (2d. Cir.2000), *cert. denied,* 531 U.S. 911, 121 S.Ct. 261, 148 L.Ed.2d 189 (2000).

Defendant attempts to distinguish these cases by arguing that by codifying the programs as part of the Sentencing Guidelines, the decision to have such a program is no longer a "charging or plea bargaining" policy over which prosecutors have discretion, but a sentencing policy that must be applied uniformly. (The three cases above were all decided before October 27, 2003, the date on which U.S.S.G. § 5K3.1 became applicable.) [1]

---

1. In a 2004 unpublished opinion, the Second Circuit has explicitly affirmed the holding of *United States v. Bonnet–Grullon* despite the passage of the PROTECT Act in the interim, although the opinion did not explicitly address U.S.S.G. § 5K3.1. *United States v. Khan,*

I do not believe that the codification of the Early Disposition Programs as part of the Sentencing Guidelines creates a Constitutional mandate that all U.S. Attorneys institute such a program and offer it to all defendants. In *Wade v. United States*, the Supreme Court held that a prosecutor has discretion to make a motion to downwardly depart under U.S.S.G. § 5K1.1, and a prosecutor's decision not to file such a motion is reviewable only if a defendant "makes a substantial threshold showing of improper motive." 504 U.S. 181, 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Here, Defendant does not allege that the Government had an impermissible motive (for instance, racial discrimination[2]) in deciding not to institute such a program. Therefore, the Government's decision not to make a motion for a downward departure is not reviewable by this Court, because that decision is within the discretion of the U.S. Attorney.

## CONCLUSION

For the reasons above, I find that the Government's failure to institute an Early Disposition Program that would benefit Defendant was not a violation of Defendant's Constitutional rights, in support of my previous denial of Defendant's motion.

112 Fed.Appx. 87 (2d Cir.2004) (unpublished). In *Khan*, the defendant argued that his sentence was constitutionally deficient because "as an individual prosecuted in the Southern District of New York, he received a harsher sentence than similarly situated offenders routinely receive in the Eastern District of New York", but the court rejected that argument. *Id.* at 88 (noting that *Bonnet–Grullon* had been superseded by statute on other grounds).

2. In *United States v. Estrada–Plata,* the Ninth Circuit held that the "fast track" program did not discriminate against defendants on basis of their race. 57 F.3d 757 (1995).