**UNITED STATES of America, Appellee,**

v.

**Fausto DeJESUS, Defendant–Appellant,**

**Docket No. 99–1499**

United States Court of Appeals, Second Circuit.

Submitted: June 5, 2000

Decided: July 12, 2000

---

David C. Esseks, Assistant United States Attorney (Mary Jo White, United States Attorney for the Southern District of New York, Elizabeth Glazer, Assistant United States Attorney, of counsel), for Appellee.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Appellant.

Before: Feinberg and Cabranes, Circuit Judges, and George, District Judge.*

PER CURIAM.

Defendant Fausto DeJesus appeals from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge* ) entered August 11, 1999, convicting him, following a guilty plea, of conspiracy to distribute cocaine and sentencing him principally to imprisonment for 120 months. He maintains that the plea agreement, which included a waiver of his right to appeal any sentence imposed within an agreed-upon range under the Sentencing Guidelines, is invalid because (1) the plea proceeding under Rule 11 of the Federal Rules of Criminal Procedure [1] did not adequately demonstrate that he understood the consequences of his waiver and (2) he was denied effective assistance of counsel in violation of the Sixth Amendment. Because defendant has failed to demonstrate that the waiver of his right to appeal is invalid, the appeal is dismissed.

## I.

The material facts of this case are not in dispute. In 1991, defendant was hired by Miguel Severino to collect money and deliver drugs to customers of the Juan Cuevas criminal organization. After a trip to Panama in April 1996 to deliver money on behalf of the Cuevas organization, defendant began to purchase multi-kilogram quantities of cocaine from the organization for sale to his own customers in New York and elsewhere. Between 1997 and 1998, defendant purchased a total of approximately 28 kilograms of cocaine from the organization, and in 1998, he received a handgun as collateral for a drug debt. He kept the gun, fired it from a roof and then sold it prior to his arrest on September 15,

---

* The Honorable Lloyd D. George, of the United States District Court for the District of Nevada, sitting by designation.

1. Rule 11 requires that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence." FED. R. CRIM. P. 11(c)(6); *see also McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (noting the importance of direct interrogation by the District Court of a defendant in a Rule 11 proceeding in order to facilitate the determination that defendant's guilty plea was knowing and voluntary).

1998. Defendant, along with ten others, was subsequently indicted and charged with conspiracy to distribute, and possess with intent to distribute, in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841.

■ After his indictment, defendant, accompanied by counsel, met with prosecutors several times to determine whether he could substantially assist in the investigation and prosecution of other individuals. Concerned that defendant was not being "entirely truthful" in his statements, prosecutors declined to offer him a cooperation agreement and therefore did not file a letter pursuant to U.S.S.G. § 5K1.1 for a downward departure from the applicable Sentencing Guidelines range. Instead, on April 20, 1999, the government proposed a plea agreement without a cooperation agreement. The plea agreement stipulated to a Sentencing Guidelines range of 120 to 135 months imprisonment. It further stipulated that "defendant does not qualify for the 'safety valve' provision of Title 18, United States Code, Section 3553(f)"[2] and that he would not appeal "any sentence within or below the stipulated sentencing Guidelines range."

On April 28, 1999, Judge Rakoff held a conference to entertain a request by defendant to replace his then-counsel. The Court understood defendant's request to arise out of his belief that the government should not have refused to offer a cooperation agreement. Explaining to defendant that the government's decision "has nothing to do with your counsel," Judge Rakoff denied the request to substitute counsel. On May 5, 1999, defendant pleaded guilty before Magistrate Judge Andrew J. Peck, pursuant to the plea agreement which he and his counsel signed.

On July 28, 1999, another conference was held before Judge Rakoff after defendant's counsel notified the Court that his client wished to withdraw his plea. At this conference, the Court again determined that defendant's objection to the plea agreement centered on his belief that the government was obligated to enter into a cooperation agreement. The Court rejected the application after explaining to defendant that it did not have the power, in the ordinary course, to compel the government to enter into a cooperation agreement. The Court requested that the government submit a summary of the information provided by defendant and the reasons why prosecutors did not credit his statements. However, the purpose of this request was not to review the government's decision, but to help the Court to determine the place within the agreed-upon guidelines range at which defendant should be sentenced. On August 11, 1999, the Court sentenced defendant principally to imprisonment for 120 months.

## II.

On appeal, defendant claims that his waiver of the right to appeal was invalid and that he should have been given an opportunity to seek a lower sentence pursuant to the "safety valve" provision of § 3553(f). He argues that his waiver of the right to appeal is not enforceable because the Rule 11 proceeding did not adequately demonstrate that the waiver was made knowingly and voluntarily. In addition, defendant contends that the waiver of his rights in the plea agreement is invalid

---

**2.** Section 3553(f) provides relief from any statutory minimum sentence if the defendant meets certain criteria. It is implemented through U.S.S.G. § 5C1.2. In order to be eligible for relief under § 3553(f), a defendant must not have: (1) more than one criminal history point; (2) used violence, or credible threats of violence, or possessed a firearm "in connection with the offense"; (3) committed an offense that resulted in death or serious injury; (4) been a leader or manager of others in the offense or been engaged in a continuing criminal enterprise; or (5) failed truthfully to provide to the government, prior to sentencing, all information and evidence he has concerning the offense or offenses that were part of the same course of conduct. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2; see also United States v. Chen, 127 F.3d 286, 290 (2d Cir. 1997).

because he did not receive the effective assistance of counsel at that stage of the proceedings.

## A. Rule 11 Proceeding

■ We find no merit in defendant's claim that the Rule 11 proceeding did not adequately demonstrate that he understood the consequences of his waiver. A defendant may appeal a sentence if it "was imposed in violation of law." 18 U.S.C. § 3742(a)(1). Nevertheless, the right of appeal may be waived as part of a plea agreement. *See, e.g., United States v. Chen,* 127 F.3d 286, 289. Such a waiver is enforceable when the sentence imposed "conforms to the parameters of a plea agreement entered into knowingly and voluntarily." *United States v. Yemitan,* 70 F.3d 746, 747 (2d Cir.1995); *see also United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir.1993) ("In no circumstances ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement."). Defendant maintains that the waiver of his right to appeal was not knowing and voluntary because the waiver provision of the plea agreement "was not adequately explained in open court during the Rule 11 hearing." This claim, however, is belied by the record. During the course of the Rule 11 proceeding, the following colloquy took place between Magistrate Judge Peck and defendant:

THE COURT: There is a plea agreement letter with the government that has been handed up to me. It is dated April 20 on the first page, and you and [defense counsel] signed it today. That plea agreement letter says—and I want to make sure you understand that by signing it you agree not to appeal or in any other way challenge any sentence imposed upon you by Judge Rakoff if it is within or below the range set out in the letter, that is to say, if it is within or below the range of 120 to 135 months, then you cannot appeal.

But if Judge Rakoff were to sentence you to more than 135 months' imprisonment and you believed that there was a legal or other error in him doing that, you would then have the right to appeal to the Second Circuit Court of Appeals with respect to that. Do you understand that?

DEFENDANT: Yes, your Honor I understand that.

THE COURT: Do you understand that even if the sentence Judge Rakoff gives you is more severe than whatever you may be thinking or hoping in your head is the sentence you are going to get, you are still going to be bound by [ ] your guilty plea and not be permitted to withdraw it? . . . .

DEFENDANT: Yes, your Honor.

This colloquy adequately establishes that defendant understood the terms of his waiver in the plea agreement.

## B. Ineffective Assistance of Counsel

■ Next, defendant argues that he was denied the effective assistance of counsel in entering the plea agreement, in violation of the Sixth Amendment. In order to prevail on a claim of ineffective assistance of counsel, a defendant must establish that his counsel's performance was deficient and that the deficiency caused actual prejudice to his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's performance is deficient if it falls "outside the wide range of professionally competent assistance." *Id.* at 690, 104 S.Ct. 2052. Here, defendant's assertion that he was denied effective assistance of counsel in entering into the plea agreement is predicated on the belief that he should have pleaded guilty without an agreement and then litigated the safety valve issue before the District Court at sentencing.

■ We conclude that defendant's argument is without merit because defendant, who bore the burden of proof under § 5C1.2, *see United States v. Ortiz,* 136 F.3d 882, 883 (2d Cir.1997) (per curiam), could not satisfy the criteria set forth in § 3553(f). The District Court found that defendant was ineligible for safety valve relief because, "among much else," he failed to satisfy the fifth criterion for eligibility under § 5C1.2—that is, that he truthfully provide all information regarding the conspiracy. Although we have no reason to doubt the accuracy of the District Court's finding on this point, we need not address the adequacy *vel non* of this finding, as defendant is ineligible for the safety valve because he possessed a weapon "in connection with the offense." § 5C1.2(2).[3]

■ Defendant admits that he received a gun as collateral for a drug debt. Nevertheless, he argues that this does not constitute grounds for denying relief under § 5C1.2(2), because his possession of the weapon was merely incidental, as the gun was not used to further the conspiracy or to protect his drug business. We reject defendant's overly restrictive interpretation of § 5C1.2. We have held that the "in connection with the offense" language of § 5C1.2(2) is equivalent to the "in relation to" language of 18 U.S.C. § 924(c)(1) and, as with that statute, § 5C1.2(2) is satisfied "when the government establishes, by a preponderance of the evidence, that the firearm 'served some purpose with respect to' the offense." *Chen,* 127 F.3d at 291 (quoting *United States v. Spurgeon,* 117 F.3d 641, 643–44 (2d Cir.1997)); *see also Smith v. United States,* 508 U.S. 223, 238, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (holding that for purposes of § 924(c)(1), "the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot

be the result of accident or coincidence"). The weapon "at least must facilitate, or have the potential of facilitating, the drug trafficking offense." *Smith,* 508 U.S. at 238, 113 S.Ct. 2050 (internal quotation marks and alterations omitted).

In this case, the firearm in question served as a form of payment in the drug transaction, and thus clearly facilitated the drug conspiracy offense; without the firearm, the deal might not have been consummated. Defendant's suggestion that the gun was not used for the protection of his drug business does not alter this conclusion. The Supreme Court has instructed that "[t]he fact that a gun is treated momentarily as an item of commerce does not render it inert or deprive it of destructive capacity. Rather, as experience demonstrates, it can be converted instantaneously from currency to cannon." *Id.* at 240, 113 S.Ct. 2050; *see also United States v. Hallum,* 103 F.3d 87, 89 (10th Cir.1996) ("[A] firearm's proximity and potential to facilitate the offense is enough to prevent application of U.S.S.G. § 5C1.2(2).") (citing *United States v. Burke,* 91 F.3d 1052 (8th Cir.1996)); *cf. United States v. Pellegrini,* 929 F.2d 55, 56 (2d Cir.1991) (per curiam) (holding that, for purposes of U.S.S.G. § 2D1.1(b)(1), a weapon found at a place where drugs were stored was sufficient to be considered "possessed during the commission of the offense"); *United States v. Schaper,* 903 F.2d 891, 896 (2d Cir.1990) (concluding that, under § 2D1.1(b)(1), when the defendant stored narcotics in his house and used the house to arrange narcotics deals, "[t]he presence of a weapon on [the defendant's] premises cannot be said to be unrelated to the ongoing narcotics trade"). Accordingly, we conclude that defendant's possession of the firearm in question was "in connection with the offense" for purposes of § 5C1.2, thus mak-

---

3. Though the District Court did not reach this issue, we are not prevented from addressing it in dismissing this appeal. *Cf. Prisco v. A & D Carting Corp.,* 168 F.3d 593, 610 (2d Cir.1999) ("We may, of course, affirm the judgment of

the district court on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely." (internal quotation marks omitted)).

ing him ineligible for the relief afforded by the safety valve provision.

Because defendant could not satisfy all of the eligibility requirements of § 5C1.2, defense counsel's failure to pursue relief under this provision was not "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052. Accordingly, defendant cannot establish a claim for ineffective assistance of counsel which might have cast doubt on the validity of his waiver.

### III.

We have considered all of defendant's claims and found them to be without merit. He has failed to demonstrate either that his waiver of the right to appeal was not entered into knowingly and voluntarily or that the plea agreement was entered into as the result of counsel's ineffective assistance. Accordingly, the waiver of the right to appeal embodied in defendant's plea agreement is enforceable. The appeal is dismissed.