**UNITED STATES of America,**
**Appellee,**

v.

**David TABORDA, Defendant–Appellee,**

Jaime Mendez, Dario Puerta, Johnny Diez, Jenny Laso, Omar Flores, aka "Pitufo," Luis Colon Osorio, Defendants.

Docket No. 02–1580.

United States Court of Appeals, Second Circuit.

April 17, 2003.

Michael A. Fitzpatrick, Bridgeport, CT, for Appellant.

Kari A. Dooley, Assistant United States Attorney, (Jeffrey A. Meyer, Assistant United States Attorney, Kevin J. O'Connor, United States Attorney, on the brief), Office of the United States Attorney for the District of Connecticut, Bridgeport, CT, for Appellee, of counsel.

Present: KEARSE, CABRANES, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Title 18 U.S.C. § 3553(f), the "safety-valve" provision, provides relief under certain circumstances from the imposition of a statutorily-mandated minimum sentence. Such relief is available to a defendant only if he or she meets the eligibility requirements set forth in the statute, including that, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." *Id.*

When defendant David Taborda sought safety-valve relief in the District Court from the statutory minimum sentence of 120 months mandated for an offense involving more than five kilograms of cocaine, the Government opposed on the ground that Taborda had not "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses," as required by 18 U.S.C. § 3553(f)(5). The Government further specified the instances in which it believed Taborda to have been untruthful.

18

Taborda initially planned to testify in rebuttal, but then his counsel informed the court that Taborda would not give testimony. He offered no other evidence to rebut the Government's specific claims of untruthfulness. In arguing his eligibility for the safety-valve provision, the defendant bears the burden of putting before the court evidence from which it can conclude that he meets the provision's requirements. *See, e.g., United States v. DeJesus,* 219 F.3d 117, 122 (2d Cir.2000) *(per curiam).* Instead, because Taborda came forward with nothing, Taborda *prima facie* failed to establish his eligibility for relief under § 3553(f). *Id.* The District Court thus not only was not *required,* but was not *permitted,* to apply the safety-valve provision in calculating Taborda's sentence.

Having reviewed all of the Appellant's claims, and finding in them no merit, the judgment of the District Court is **AFFIRMED.**