**UNITED STATES of America,**
**Appellee,**

v.

**Eduardo ALVEAR, Defendant–**
**Appellant.**

No. 03–1565.

United States Court of Appeals,
Second Circuit.

April 1, 2004.

Steven M. Statsinger, Legal Aid Society, New York, NY, for Defendant–Appellant.

Harry Sandick, Assistant U.S. Attorney, S.D.N.Y. (David N. Kelley, U.S. Attorney, Marc L. Mukasey, Assistant U.S. Attorney, on the brief), for Appellee.

PRESENT: McLAUGHLIN, JACOBS, Circuit Judges, and COVELLO, District Judge.

## SUMMARY ORDER

Eduardo Alvear appeals from a judgment of conviction entered on September 22, 2003 in the United States District Court for the Southern District of New York (Swain, *J.*), following a plea of guilty. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

We conclude that Alvear waived his right to appeal the sentence imposed. The "right of appeal may be waived as part of a plea agreement," and "[s]uch a waiver is enforceable when the sentence imposed conforms to the parameters of a plea agreement entered into knowingly and voluntarily." *United States v. DeJesus*, 219 F.3d 117, 121 (2d Cir.2000) (internal quotation marks omitted); *see also United States v. Chen*, 127 F.3d 286, 289 (2d Cir. 1997); *United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir.1995). Further, "[i]n no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a

remedy would render the plea bargaining process and the resulting agreement meaningless." *United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir.1993).

Alvear agreed that he would "neither appeal, nor otherwise litigate ... any sentence within or below the stipulated Sentencing Guidelines range" of four to ten months. Alvear was sentenced to four years' probation, including a special condition of six months' home confinement.

The Sentencing Guidelines provide that "[h]ome detention may be imposed as a condition of probation ... but only as a substitute for imprisonment." U.S.S.G. § 5F1.2. One day of home detention, where authorized, qualifies as a substitute for one day of imprisonment. *See* U.S.S.G. § 5C1.1(e)(3). Alvear's sentence of six months' home confinement thus corresponds to the sentence of six months' imprisonment that could alternatively have been imposed; the term of six months, whether served in prison or by home detention, falls within the range of four to ten months stipulated to in the plea agreement.

For the reasons set forth above, the appeal is hereby DISMISSED.