**UNITED STATES of America,**
**Appellee,**

v.

**Rockefellow R. JOHNSON, Peter G. Woodbine, Michael Freeman, Adrian Michael Cole, Kirk Pedro, Christopher Pencil, Steven Hewett, Errol James, Christopher Lewis and Bruce Walsh, Defendants,**

**Joseph Pedro, Defendant–Appellant.**

**No. 04–4855.**

United States Court of Appeals,
Second Circuit.

June 17, 2005.

See also 2003 WL 1212972.

Michael Handwerker, Hankin, Handwerker & Mazel, PLLC, New York, NY, for Appellant.

Joon H. Kim, Assistant United States Attorney (William F. Johnson, Karl Metzner, Assistant United States Attorneys, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

*The Honorable Leonard B. Sand, United States District Judge for the Southern District

Present: CABRANES, RAGGI, Circuit Judges, and SAND, Judge.*

**SUMMARY ORDER**

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant's appeal be and it hereby is **DISMISSED.**

Defendant Joseph Pedro pleaded guilty on January 9, 2004 to conspiracy to possess and distribute narcotics, in violation of 21 U.S.C. § 846, and maintaining a location for the purpose of unlawfully distributing narcotics, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2. The written plea agreement—signed by defendant and defendant's then-counsel, Michael Handwerker—expressly specified that defendant would "have no right to withdraw his plea of guilty should the sentence imposed by the Court be [less than 151 months]."

At defendant's plea colloquy, the District Court confirmed (1) that defendant knowingly and voluntarily waived his right to appeal any sentence within or below the stipulated Sentencing Guidelines range of 121 to 151 months, (2) that defendant was entering his plea with the advice of counsel, and (3) that that advice was "conflict-free." Based on defendant's affirmations of the foregoing, the District Court accepted defendant's plea, entered a judgment of conviction, and sentenced defendant to 121 months' imprisonment.

Defendant now appeals the judgment of conviction, arguing that the indictment against him should be dismissed because his former counsel, Alan Seidler, was acting under a conflict of interest when he represented defendant and failed "zealously" to pursue the possibility that defendant

of New York, sitting by designation.

**398**

cooperate with the government in order to obtain a lesser sentence. We dismiss the appeal.

A defendant who pleads guilty unconditionally admits his guilt and waives his right to appeal all nonjurisdictional issues. *See United States v. Lasaga* 328 F.3d 61, 64 & n. 2 (2d Cir.2003) (citing *United States v. Maher*, 108 F.3d 1513, 1528–29 (2d Cir.1997)). "[I]n order to reserve [a nonjurisdictional] issue for appeal after a guilty plea, a defendant must obtain the approval of the court and the consent of the government, and he must reserve the right to appeal in writing." *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir.1996); *see also* Fed.R.Crim.P. 11(a)(2).

In the instant case, defendant waived his right to appeal and has not alleged, must less demonstrated, that a conflict of interest affected his decision to plead guilty to the crimes of which he has been convicted. Because "the sentence imposed [by the District Court] conforms to the parameters of a plea agreement entered into knowingly and voluntarily [by defendant]," *United States v. DeJesus*, 219 F.3d 117, 121 (2d Cir.2000), defendant has no cognizable basis for challenging his waiver of his right to appeal.

\* \* \* \* \* \*

Accordingly, defendant's appeal is hereby **DISMISSED.**