UNITED STATES of America,
Appellee,

v.

Donnell HARGROVE, also known as Thirst, Nakim West, also known as Knock, also known as Knockie, Jason Campbell, Beverly Richardson, also know as Beverly, Terrance Altman, Defendants,

James E. Johnson, also known as Goldi, Defendant–Appellant.

No. 06–5280–cr.

United States Court of Appeals, Second Circuit.

Sept. 19, 2008.

James E. Johnson, pro se, for Appellant.

Eugene Ingoglia, Assistant United States Attorney, (Michael J. Garcia, United States Attorney, on the brief, Daniel A. Braun, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges, and EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

Defendant-appellant James E. Johnson appeals, *pro se,* from a judgment of conviction entered on February 21, 2006 by the District Court, following his guilty plea.

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

On February 17, 2006, defendant, then represented by counsel, pleaded guilty to a single count of conspiracy to possess with the intent to distribute more than 50 grams of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), and 841(b)(1)(A). The plea agreement specifically set out that defendant would "not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Sentencing Guidelines Range" of 135 to 168 months. The District Court sentenced defendant principally to a term of imprisonment of 135 months. Defendant now appeals his conviction and sentence. Specifically, defendant challenges his conviction by claiming that he was convicted without sufficient evidence, despite his guilty plea, and that the government failed to establish jurisdiction over him. *Id.* He further challenges his sentence on First, Fourth, Fifth, Sixth, and Eighth Amendment grounds. We assume the parties' familiarity with the facts and procedural history of the case.

With respect to defendant's challenge to his conviction, this Court has consistently held that a "defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings." *Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir.1989). The record makes plain that defendant, with the assistance of counsel, entered into his plea knowingly and voluntarily. Defendant's challenge to the District Court's jurisdiction is without merit because the District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. Accordingly, we see no basis to disturb defendant's guilty plea and conviction.

With respect to defendant's challenge to his sentence, this Court has held that "[i]n

no circumstance ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." *United States v. Salcido–Contreras,* 990 F.2d 51, 53 (2d Cir.1993). As noted above, in his plea agreement, defendant agreed that he would not appeal any sentence "within or below" the stipulated Sentencing Guidelines range of 135 to 168 months of imprisonment. Defendant's sentence of 135 months imprisonment is plainly "within" the stipulated range. Therefore, because "the sentence imposed [by the District Court] conforms to the parameters of a plea agreement entered into knowingly and voluntarily [by defendant]," *United States v. DeJesus,* 219 F.3d 117, 121 (2d Cir.2000) (internal citation and quotation marks omitted), defendant has no cognizable basis for challenging his waiver of his right to appeal.

Accordingly, the judgment of the District Court is AFFIRMED and the appeal is DISMISSED insofar as it raises nonjurisdictional challenges.