UNITED STATES of America, Appellee,

v.

Nancy PENA, Franklin Guerrero, Defendants–Appellants.

Nos. 07–2128–cr(L), 07–3679–cr(CON).

United States Court of Appeals, Second Circuit.

Nov. 3, 2008.

David J. Goldstein, Goldstein & Weinstein, Bronx, NY, for Appellant Pena.

Frederick H. Cohn, Law Offices of Frederick H. Cohn, New York, NY, for Appellant Guerrero.

Jesse M. Furman, Assistant United States Attorney, (Anjan Sahni, Katherine Polk Failla, Assistant United States Attorneys, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present RICHARD C. WESLEY, PETER W. HALL, Circuit Judges, and LOUIS F. OBERDORFER,* District Judge.

### SUMMARY ORDER

Defendant–Appellant Nancy Pena and Defendant–Appellant Franklin Guerrero

---

* The Honorable Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

appeal from judgments of conviction entered on May 15, 2007, and August 21, 2007, respectively, in the United States District Court for the Southern District of New York (Buchwald, J.). We assume the parties' familiarity with the underlying facts and the procedural history of the case, as well as the issues on appeal.

### Nancy Pena's Appeal

On October 13, 2006, Pena pleaded guilty, pursuant to a plea agreement, to conspiracy to commit money laundering and conspiracy to distribute five kilograms and more of cocaine in violation of 18 U.S.C. § 1956(h) and 21 U.S.C. § 846. The plea agreement provided for a stipulated Sentencing Guidelines range of 135 to 168 months' imprisonment. Under the agreement, Pena waived her right to appeal any sentence within or below this Guidelines range. The District Court sentenced her to a term of imprisonment of 120 months, including five years of supervised release. Pena argues on appeal that her plea allocution was insufficient to establish that she knowingly and voluntarily waived her right to appeal. Specifically, Pena contends that she did not understand that she was waiving her right to appeal because the plea agreement was not translated into Spanish. The Government argues that Pena's appeal should be dismissed because, given the sentence that was imposed, she has waived her right to appeal.

"[A] defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." *United States v. Lee,* 523 F.3d 104, 106 (2d Cir.2008) (quoting *United States v. Djelevic,* 161 F.3d 104, 106 (2d Cir.1998)). We have held that "a waiver of the right to appeal should only be enforced by an appellate court if the record 'clearly demonstrates' that the waiver was both knowing (in the sense that

the defendant fully understood the potential consequences of his waiver) and voluntary." *United States v. Ready,* 82 F.3d 551, 557 (2d Cir.1996).

■ Here, Pena expressly agreed in her plea agreement "not [to] file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Sentencing Guidelines Range of 135 to 168 months' imprisonment." During the plea allocution proceeding, the District Court confirmed that Pena discussed the plea agreement with her attorney prior to signing it, and she specifically acknowledged under oath her understanding that the plea agreement contained a stipulated Guidelines range of 135 to 168 months' imprisonment and that a sentence within or below that range precluded her from filing an appeal. Moreover, throughout the course of the proceeding, Pena had the assistance of a Spanish language interpreter.

Although Pena responded in the affirmative when asked by the District Court whether the plea agreement was translated before she signed it, her attorney clarified that the agreement had not been translated "[i]n its entirety, word for word." Pena's counsel further stated, however, that several days before the proceeding he "went over [with Pena] all of the details that are contained within the plea agreement" with the assistance of an interpreter, and that he did so again on the day of the plea. In addition, Pena stated that she had enough time to discuss the plea with her attorney before she signed it and, after the District Court explained the appeal waiver provision, she explicitly confirmed that she understood the waiver. Accordingly, on this record, it is without question that Pena understood the terms of her plea agreement and that she knowingly and voluntarily waived her

right to appeal, notwithstanding the fact that the plea agreement itself apparently was not translated into Spanish. *See United States v. Hernandez,* 242 F.3d 110, 112 (2d Cir.2001) (noting that "the district court was entitled to rely upon the defendant's sworn statements, made in open court with the assistance of a translator, that he understood the consequences of his plea, had discussed the plea with his attorney, ... understood that he was waiving his right to appeal a sentence below [a specified sentence], and had been made no promises except those contained in the plea agreement.").

Pena also challenges the District Court's finding that she was a leader or organizer of the narcotics conspiracy and therefore argues that the court improperly denied her "safety valve" relief pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). Because we find that Pena's appeal waiver was knowing and intelligent, her appeal must be dismissed, and we are foreclosed from addressing her other claim. *See United States v. DeJesus,* 219 F.3d 117, 120, 123 (2d Cir.2000) (per curiam).

### Franklin Guerrero's Appeal

One of Pena's co-conspirators, Franklin Guerrero, was convicted, after a jury trial, of conspiracy to distribute five kilograms and more of cocaine. Guerrero also challenges his sentence. According to the presentence report, Guerrero had an offense level of 38 and a Criminal History Category of I. As such, the Probation Office calculated the applicable Guidelines range to be 235 to 293 months' imprisonment. The Probation Office recommended a prison sentence of 235 months. In his sentencing submission, Guerrero requested a downward departure below the mandatory minimum sentence of 120 months' imprisonment on the ground, among others, that the offer by Government agents to sell 150 kilograms of cocaine constituted sentenc-ing "manipulation" or "entrapment," as neither Guerrero nor any member of the conspiracy was actually capable of purchasing that quantity of drugs. The Government argued that the evidence elicited at trial demonstrated that the members of the conspiracy were reasonably capable of buying 150 kilograms of cocaine, and that Guerrero had failed to carry his burden of establishing the conspiracy's inability to buy this quantity of drugs. The Government further argued that a departure below the mandatory minimum would require an explicit rejection of the jury's specific finding that the conspiracy involved at least five kilograms of cocaine. Ultimately, the District Court sentenced Guerrero to a term of imprisonment of 144 months, to be followed by five years of supervised release.

Guerrero argues that the District Court erroneously concluded that it lacked the authority to impose a sentence below the applicable mandatory minimum based upon "sentencing manipulation" or "sentencing entrapment." In particular, he contends that if the District Court understood it had the authority to impose a more lenient sentence, it might have done so based on his argument that he was not reasonably capable of purchasing the agreed-upon quantity of cocaine. This argument lacks merit.

Guerrero was convicted of conspiring to distribute five kilograms and more of cocaine in violation of 21 U.S.C. § 846. The statutory drug quantity under 21 U.S.C. § 841(b)(1)(A) is an element of the offense for purposes of determining a mandatory minimum sentence and must be proved beyond a reasonable doubt to a jury or admitted by the defendant. *See United States v. Gonzalez,* 420 F.3d 111, 120 (2d Cir.2005). Under that statute, sentencing courts are required to impose a sentence "to a term of imprisonment which may not

be less than 10 years." 21 U.S.C. § 841(b)(1)(A).

On appeal, Guerrero does not challenge the sufficiency of the evidence of drug quantity supporting his conviction. Thus, the District Court was statutorily required to impose a sentence of at least 120 months. *See United States v. Sharpley,* 399 F.3d 123, 127 (2d Cir.2005) (recognizing that although the Sentencing Guidelines are "advisory in nature," a district court's discretion remains "bounded by any applicable statutory minimum and maximum."). To the extent Guerrero argues that the Government "manipulated" his sentence by offering to sell him and his co-conspirators an amount of cocaine he was not capable of purchasing, that argument should have been directed to the jury and not the sentencing judge.

Accordingly, for the reasons set forth above, Guerrero's judgment of conviction entered in the United States District Court for the Southern District of New York, be, and it hereby is AFFIRMED and Pena's appeal is DISMISSED.