07-5750-cr(L), 08-0965-cr(CON)
United States v. Gonzalez (Lomeli)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand nine.

PRESENT:

> ROGER J. MINER,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,[*]
> > *Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                    Nos. 07-5750-cr(L)
> 08-0965-cr(CON)

FRANCISCO JAVIER CASTRO LOMELI,
JAMIE HUMBERTO GUTIERREZ-GONZALEZ,

> *Defendants-Appellants,*

---

[*] At the time the case was argued, Judge Lynch was United States District Judge for the Southern District of New York, sitting by designation.

NELSON HERNAN GARCIA,

*Defendant.*[**]

---------------------------------------------------------------------

| | |
|---|---|
| For Defendant-Appellant Francisco Javier Castro Lomeli: | Allan P. Haber, New York, NY |
| For Defendant-Appellant Jamie Humberto Gutierrez-Gonzalez: | B. Alan Seidler, New York, NY |
| For Appellee United States of America: | Brendan R. McGuire (Andrew L. Fish, *on the brief*), Assistant United States Attorneys, *for* Lev. L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY |

**SUMMARY ORDER**

**ON CONSIDERATION,** it is **ORDERED, ADJUDGED,** and **DECREED** that

we hereby withdraw and vacate the previous order in this case, entered on September 23,

2009. And it is hereby further **ORDERED, ADJUDGED,** and **DECREED** that the

judgment of the district court as to defendant-appellant Jaime Humberto Gutierrez-

Gonzales be and hereby is vacated and remanded for further proceedings, and that the

appeal of defendant-appellant Francisco Javier Castro Lomeli be and hereby is dismissed.

Defendants-appellants Francisco Javier Castro Lomeli and Jamie Humberto

Gutierrez-Gonzalez ("Gutierrez") appeal from the judgments of the district court dated

December 18, 2007, and February 19, 2008, respectively. The district court sentenced

Lomeli principally to 108 months' imprisonment and Gutierrez principally to 135 months'

---

[**] The Clerk of the Court is respectfully directed to amend the official caption to conform to the caption of this order.

2

imprisonment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Lomeli's appeal, which challenges the substantive unreasonableness of his sentence, must be dismissed because he waived his right to appeal in the plea agreement he entered into with the government. The wavier provision states that "the defendant will not file a direct appeal [of] . . . any sentence within or below the Stipulated Guidelines Range [of 135 to 168 months' imprisonment]." "This waiver is in a familiar form that we have consistently held enforceable" as long as the wavier is "knowing and voluntary." *See United States v. Roque*, 421 F.3d 118, 121-22 (2d Cir. 2005). The colloquy at Lomeli's plea proceeding "adequately establishes that [Lomeli] understood the terms of his waiver in the plea agreement," *see United States v. DeJesus*, 219 F.3d 117, 121 (2d Cir. 2000) (per curiam), and Lomeli does not point to anything showing that the wavier was not otherwise voluntary. Because Lomeli was sentenced to 108 months, a sentence below the range stipulated in the plea agreement, he has waived his right to appeal and his appeal must be dismissed.

Gutierrez raises two separate issues on appeal. First, he argues that there was no factual basis for his guilty plea to a charge of conspiracy to commit money laundering; second, he argues that the district court erred in finding that he was not entitled to a reduction in his offense level because he was a minor participant in the offense.

Gutierrez's claim regarding the sufficiency of his plea allocution is very similar to that of his co-defendant, Nelson Hernan Garcia. We recently vacated and remanded

3

Garcia's plea. *See United States v. Garcia*, __ F.3d __, 2009 WL 4254582 (2d Cir. Dec. 1, 2009). Accordingly, we vacate the judgment as to Gutierrez and remand the matter to the District Court for further consideration in light of *Garcia*, which of course was unavailable to the district court when Gutierrez proffered his plea.

Because we vacate the plea as it relates to one count of conviction, we refrain from passing on Gutierrez's sentencing contention at this time.

For the foregoing reasons, the judgment of the district court as to defendant-appellant Jamie Humberto Gutierrez-Gonzales is **VACATED** and his case is remanded for further proceedings, and the appeal of defendant-appellant Francisco Javier Castro Lomeli is **DISMISSED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By:_____

4