12-1363(L)
United States v. Jimenez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand fourteen.

PRESENT:  RALPH K. WINTER,
          GUIDO CALABRESI,
          REENA RAGGI,
                    *Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,

                    v.                                  No. 12-1363(L)
                                                        No. 12-2652(CON)

RAFAEL JIMENEZ, ALFREDO RIVERA,
                    *Defendants-Appellants*.
------------------------------------------------------------------------

FOR APPELLANTS:              Georgia J. Hinde, New York, New York, *for Appellant Rafael Jimenez*.

                             Nicholas J. Pinto, New York, New York, *for Appellant Alfredo Rivera*.

FOR APPELLEE:                Brian A. Jacobs, Brent S. Wible, Assistant United States Attorneys, *for* Preet Bharara,

United States Attorney for the Southern District of New York, New York, New York.

Appeal from judgments of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Rafael Jimenez's appeal from the judgment entered on April 4, 2012, is hereby DISMISSED and that the June 27, 2012 judgment challenged by Alfredo Rivera is AFFIRMED.

Defendant Jimenez, who stands convicted on a guilty plea of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, see 21 U.S.C. §§ 841(b)(1)(A)(ii), 846, asserts that his 127-month prison sentence, midway in his undisputed 120-to-135 months Guidelines range, is substantively unreasonable because the only reasonable sentence for his crime is one at the statutory mandatory minimum of 120 months. Defendant Rivera, who stands convicted following a jury trial for the same cocaine conspiracy, as well as for possession of a firearm in furtherance of the conspiracy (for which he was sentenced to 180 months in prison) contends that the evidence was insufficient as a matter of law to support the jury's finding of predisposition. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to dismiss Jimenez's appeal and affirm Rivera's judgment of conviction.

2

1.      Jimenez

Before we may review the substantive reasonableness of his sentence, Jimenez must overcome his plea agreement waiver of the right to appeal or otherwise to challenge a sentence of less than 135 months.  See United States v. Morgan, 386 F.3d 376, 380 (2d Cir. 2004) ("It has long been clear in this Circuit that in no circumstance may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.'" (internal quotation marks and alterations omitted)); see also United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) ("The exceptions to the presumption of the enforceability of a waiver occupy a very circumscribed area of our jurisprudence." (internal quotation marks and alteration omitted)).   In attempting to do so, Jimenez asserts that his appellate waiver was not made knowingly and voluntarily.[1]   In support, Jimenez notes that at his plea colloquy before the magistrate judge, he expressed disfavor with the Guidelines range stipulated in the plea agreement, stating (1) that the range was "not really very acceptable[, as it was] too much time," Plea Hr'g Tr. 16:2–7, Jimenez App. 45; and (2) that he "wasn't very much in agreement" with the characterization of the range as a reasonable sentence because he had previously been promised a lower sentence, see id. 16:17–23, Jimenez App. 45.   Jimenez also relies on his abandoned attempts to withdraw

---

[1] Jimenez does not contend that either his guilty plea or his waiver of other constitutional rights was not knowing and voluntary.

his guilty plea and his overly optimistic sentencing expectations as evidence of his inability knowingly and intelligently to waive his right to appellate review. We are not persuaded.

After each statement referenced by Jimenez, the magistrate judge repeated the consequences of the appellate waiver, which Jimenez unequivocally confirmed that he understood. See id. 16:8–16, 16:24–17:16, Jimenez App. 45–46. Moreover, Jimenez and his counsel assured the court of Jimenez's competence, as did an examining psychologist. On this record, any unduly optimistic expectations that Jimenez may have harbored as to his likely sentence do not detract from his clear, unambiguous, and cogent assurances at the plea hearing that he understood the appellate waiver in his plea agreement. See United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (holding similar colloquy evidenced knowing and voluntary appellate waiver). Accordingly, we dismiss Jimenez's appeal as barred by the waiver provision of his plea agreement.

Even if Jimenez did not face this bar, however, his sentencing challenge would fail on the merits. On reasonableness review of a challenged sentence, we apply a "deferential abuse-of-discretion standard," Gall v. United States, 552 U.S. 38, 41 (2007), and we will "set aside a district court's substantive determination" as to an appropriate sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (emphasis in original) (internal quotation marks omitted); see United States v. Jones, 531 F.3d 163, 171–74 (2d Cir. 2008) (recognizing broad range of sentences as reasonable).

4

"Although we do not presume that a Guidelines sentence is reasonable, we have recognized that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Eberhard, 525 F.3d 175, 179 (2d Cir. 2008) (internal quotation marks omitted).

No different conclusion is warranted here where the district court, in imposing a Guidelines sentence only seven months above the statutory minimum, properly considered Jimenez's role in orchestrating the narcotics conspiracy, his status as a then-active New York City Police Department ("NYPD") auxiliary officer, and his lack of remorse. Although Jimenez attempts to minimize his culpability, he unquestionably requested the assistance of co-defendant Rivera, a retired NYPD officer, and solicited the aid of two individuals whom he believed to be drug dealers.[2] The district court was entitled to afford some aggravating weight to these circumstances, which had not otherwise supported a Guidelines enhancement for abuse of trust, see U.S.S.G. § 3B1.3, or managerial or supervisory role, see id. § 3B1.1(b); 18 U.S.C. § 3553(a)(1), (2)(A) (requiring sentencing court to consider "nature and circumstances" of offense and need for sentence imposed to promote "respect for the law"). Insofar as the district court concluded that, "[b]ased on [Jimenez's] demeanor, the tapes that [it] ha[d] watched in other proceedings as well as his

---

[2] To the extent Jimenez challenges these facts, see Jimenez Br. 23 (arguing that his sentence was "potentially based on clearly erroneous facts"), which is a challenge to the procedural reasonableness of the sentence, see United States v. Cavera, 550 F.3d at 190, we identify no error, let alone clear error, in the district court's findings.

5

[court] appearances," Jimenez had not accepted full responsibility for his actions and was likely to recidivate, Sentencing Tr. 15:12–16, Jimenez App. 77, we identify no error in this determination, which district courts are best-suited to assess. See United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012).

Jimenez argues that his public service and otherwise unblemished record warranted more mitigating weight in the district court's § 3553(a) analysis and necessitated a sentence at the mandatory minimum. But "[t]he weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Fernandez, 443 F.3d 19, 32 (2d Cir. 2006).

Accordingly, while we dismiss Jimenez's appeal as barred by waiver, we conclude in any event that his sentencing challenge is meritless.

2.  Rivera

Rivera, who at trial conceded his participation in the charged conspiracy but asserted an entrapment defense, now contends that the evidence was insufficient as a matter of law to admit a jury finding of predisposition. In reviewing a sufficiency challenge to evidence of predisposition, "we apply the same rigorous standard applicable to other sufficiency claims." United States v. Jackson, 345 F.3d 59, 66 (2d Cir. 2003). While that standard requires our de novo review, we must view the evidence in the light

6

most favorable to the government and affirm the conviction if "<u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original); <u>accord</u> <u>United States v. Vilar</u>, 729 F.3d 62, 91 (2d Cir. 2013).

Entrapment has two related elements: "government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in criminal conduct." <u>United States v. Cromitie</u>, 727 F.3d 194, 204 (2d Cir. 2013) (internal quotation marks). "[I]f inducement is shown, the prosecution has the burden of proving predisposition beyond a reasonable doubt." <u>Id.</u> The government may carry this burden by demonstrating "(1) an existing course of criminal conduct similar to the crime for which the defendant is charged, (2) an already formed design on the part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement." <u>United States v. Al-Moayad</u>, 545 F.3d 139, 154 (2d Cir. 2008) (internal quotation marks and alterations omitted).

Rivera argues that the government failed to carry its predisposition burden because it presented no evidence that he "exhibited, in the slightest degree, a 'ready response'" to government inducement. Rivera Br. 14. To the contrary, substantial trial evidence manifests Rivera's predisposition. For example, when Jimenez, who had already told a government informant that he knew a retired police officer who could provide armed protection for a shipment of cocaine, asked Rivera over the telephone whether he was

7

"ready to go" on the matter they had discussed, Rivera replied, "No, yeah—ready to go when?" Jimenez responded, "Maybe this week, next week," to which Rivera reiterated, "Ok, I'm ready to go." Moreover, at videotaped meetings with the informants, Rivera further exhibited his predisposition by offering advice in furtherance of the conspiracy that drew upon his specialized experience as a former police officer. See generally United States v. Al Kassar, 660 F.3d 108, 119–20 (2d Cir. 2011) (observing that defendants' knowledge of how to procure and smuggle arms and their positive reaction to idea that arms would be used to kill Americans and harm United States interests suggested predisposition); United States v. Jackson, 345 F.3d at 66 (noting that videotapes revealed purportedly entrapped defendants' familiarity with "terminology and operations" of drug trade). Thus, even assuming that Jimenez, not the government informant, could "induce" Rivera for purposes of an entrapment defense—a conclusion we do not here reach—there was sufficient evidence to support a jury finding of Rivera's predisposition.

Rivera nevertheless asserts that his trial testimony—in which he stated that he refused Jimenez's initial recruitment attempts for a month and was threatened to participate—shows that he was entrapped as a matter of law. This argument suffers from multiple flaws. First, the jury was entitled to discredit Rivera's testimony, and we must in fact assume that it did in reviewing the evidence in the light most favorable to the government. See United States v. Valencia, 645 F.2d 1158, 1168 (2d Cir. 1980) ("While [the defendant] testified to the contrary that she resisted the idea for some time, the jury

8

was entitled to discredit that testimony."); accord United States v. Jackson, 345 F.3d at 67.

Second, Rivera concedes that his first contact with the confidential informant, in which he stated that he was "ready to go," occurred more than two weeks before Rivera was purportedly "on board," Rivera Reply Br. 6, i.e., during the period he claimed he was hesitant and fearful. On sufficiency review, we will not question the jury's reasonable interpretation of this conversation to show otherwise. See United States v. Al Kassar, 660 F.3d at 120 ("[The issue of predisposition] may have been a close call, . . . but it was a call for the jury to make.").

For the same reason, Rivera's attempt to identify hesitation in other statements and acts, which he asserts "were done at the direction and under the influence of government agents," Rivera Reply Br. 12, must fail. Even if Rivera's multiple statements in furtherance of the conspiracy were "respon[ses] to questions put to him by the informants," id. 10, "what a defendant says after contacted by agents is generally admissible to prove predisposition because, although some post-contact conduct might be the product of inducement, it will be a rare situation where a defendant can plausibly claim that the inducement caused him to say something that evidenced predisposition," United States v. Cromitie, 727 F.3d at 209 (emphasis in original). As captured on the tapes played to the jury, Rivera repeatedly exhibited his willingness to participate, and, relying on his experience as a retired NYPD officer, advised the informants on how best to evade

9

detection. On this record, we cannot conclude that no reasonable jury could find Rivera's predisposition beyond a reasonable doubt.

Accordingly, Rivera's sufficiency challenge is meritless.

We have considered defendants' remaining arguments and conclude that they too are without merit. We therefore DISMISS Jimenez's appeal and AFFIRM the district court's judgment against Rivera.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court