United States v. Greenberg

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          PIERRE N. LEVAL,
                    Circuit Judges,
          JESSE M. FURMAN,[*]
                    District Judge.

- - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                          18-1768

_____

[*] Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

1

**DAVID GREENBERG,**

        <u>**Defendant-Appellant.**</u>

- - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | Clinton W. Calhoun, III, Calhoun & Lawrence, LLP, White Plains, NY. |
| | |
| **FOR APPELLEE:** | Ilan Graff, Assistant United States Attorney (Michael Gerber, Won S. Shin, Assistant United States Attorneys, <u>of counsel</u>), <u>for</u> Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

David Greenberg appeals from a judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>) sentencing him principally to 180 months' imprisonment after Greenberg pleaded guilty to one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846. On appeal, Greenberg argues that he was entitled to relief from the applicable mandatory minimum sentence pursuant to the "safety valve" provisions of 18 U.S.C. § 3553(f) and United States Sentencing Guidelines § 5C1.2, and that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In early 2013, Greenberg was surveilled by New York state police during their investigation of drug trafficking in the Bronx. Investigators saw Greenberg

make about twenty visits to a suspected "stash house" in Newburgh, New York, emerging each time with at least one paper bag. Greenberg was arrested in June 2013 after investigators observed him handing a paper bag to an individual in a car who was arrested shortly thereafter and found to be in possession of more than 100 grams of cocaine. After posting bail, Greenberg remained at liberty until October 2013, during which time he cooperated with the government by, inter alia, recording conversations and participating in controlled narcotics purchases at the direction of the Federal Bureau of Investigation.

In September 2013, Greenberg pleaded guilty (pursuant to a cooperation agreement) to conspiracy to traffic more than five kilograms of cocaine, more than one kilogram of heroin, and quantities of marijuana, MDMA, oxycodone, and PCP between 1995 and 2013. The cooperation agreement required that Greenberg "truthfully and completely disclose all information with respect to the activities of himself and others concerning all matters about which [the government] inquire[d] of him," and "commit no further crimes whatsoever."

In October 2013, in large part due to Greenberg's cooperation, the government unsealed an indictment charging fourteen defendants, each of whom was convicted. Shortly thereafter, the government learned that Greenberg violated his cooperation agreement by, inter alia, failing to disclose to law enforcement a stash house where narcotics, firearms, and ammunition were stored; and instructing another investigative target, John Zgrodec, to dispose of Greenberg's firearm after his arrest. Greenberg confessed his misconduct and was remanded to custody in October 2013. He subsequently informed the government that Zgrodec kept a "duffel bag with guns" at the stash house.

The offense of Greenberg's conviction carries a ten-year mandatory minimum sentence. Prior to sentencing, Greenberg's counsel advised the government that he considered Greenberg potentially eligible for relief from the mandatory minimum sentence pursuant to the "safety valve" provisions of 18 U.S.C. § 3553(f) and United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 5C1.2. The government responded that Greenberg's possession of a firearm as part of the offense conduct disqualified him from safety valve relief. Nevertheless, Greenberg participated in a "safety valve proffer" during

3

which he informed the government that the duffel bag at the stash house contained an assault rifle, and that Greenberg also kept a handgun--which he claims was inoperable--at the stash house.

At sentencing, the district court determined that Greenberg was ineligible for safety valve relief because he possessed a firearm in connection with the offense of conviction.   The court imposed a sentence principally of 180 months' imprisonment.

On appeal, Greenberg argues that the district court erred in denying safety valve relief, because: (A) it incorrectly adopted a per se rule that constructive possession of a firearm in a drug stash house qualifies as possession "in connection with" a narcotics conspiracy; and (B) there was no proof or finding that the firearm at issue was possessed "in connection with" Greenberg's offense of conviction.   He additionally argues that his sentence was procedurally and substantively unreasonable.

We review the sentencing court's factual findings for clear error, but we review the court's interpretation of the safety valve provisions de novo.   United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997).   Review for procedural and substantive reasonableness is akin to a "deferential abuse-of-discretion standard."   United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)).   However, "[a] sentencing court's legal application of the Guidelines is reviewed de novo."   United States v. Desnoyers, 708 F.3d 378, 385 (2d Cir. 2013).

**1.**     The safety valve provisions set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 instruct a district court to sentence without regard to an applicable statutory mandatory minimum if the defendant establishes that:

> (i) the defendant has no more than one criminal-history point; (ii) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense; (iii) no one was killed or seriously hurt as a result of the offense; (iv) the defendant was not an organizer, leader, manager, or

4

supervisor in the offense and was not engaged in a continuing criminal enterprise; and (v) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense [or offenses that were part of the same course of conduct or of a common scheme or plan].

Ortiz, 136 F.3d at 883 (internal quotation marks and alterations omitted); U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f). The burden is on the defendant to prove entitlement to safety-valve relief by a preponderance of the evidence. See United States v. Jimenez, 451 F.3d 97, 102 (2d Cir. 2006).

For a firearm to be used "in connection with the offense" under § 5C1.2, thereby precluding safety valve relief, the firearm "at least must facilitate, or have the potential of facilitating, the drug trafficking offense." United States v. DeJesus, 219 F.3d 117, 122 (2d Cir. 2000) (quoting Smith v. United States, 508 U.S. 223, 238 (1993)). For purposes of the safety valve, possession includes "constructive possession, at least where the defendant keeps the weapon under his personal dominion and control." United States v. Herrera, 446 F.3d 283, 287 (2d Cir. 2006).

The district court found Greenberg ineligible for safety valve relief because he admittedly had constructive possession of the rifle at the stash house, which (as the court emphasized) was "ground zero of the drug operation" and where Greenberg had access to the rifle. Greenberg argues that the district court thus adopted a per se rule that a firearm possessed at a stash house is possessed "in connection with" a drug offense. Such a categorical rule would be inconsistent with the principle that "the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." See DeJesus, 219 F.3d at 122 (quoting Smith, 508 U.S. at 238). We reject the argument. The district court did not adopt such a rule. To the contrary, the court indicated at sentencing that the analysis might have been different if the rifle had been stored in a less accessible place, such as the attic or garage of the stash house.

5

In any event, the court's factual finding that Greenberg's account of the firearms was inconsistent and lacked credibility was not clearly erroneous. Greenberg argued that his possession of the rifle was unconnected to the narcotics conspiracy because the rifle was merely stored in the stash house by Zgrodec and was not there for the purpose of furthering the drug business. However, the district court expressly declined to credit Greenberg's factual claims, finding that they were undermined by his inconsistent representations regarding the firearms in the stash house. As the district court observed, Greenberg gave "a number of different versions about how many guns were in the bag," "whether [a] handgun was at the stash house . . . or just the rifle," and "when he disposed of the handgun." Accordingly, we see no clear error in the district court's finding that Greenberg's factual claims were insufficient to show entitlement to safety valve relief.

2.      "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall, 552 U.S. at 51).

Greenberg argues that his sentence was procedurally unreasonable because the district court erroneously denied him safety valve relief, and accordingly denied him a two-level offense level reduction under U.S.S.G. § 2D1.1(b)(18). Because the district court did not err in finding that Greenberg failed to establish his entitlement to safety valve relief, the district court did not commit procedural error by declining to grant a two-level reduction pursuant to § 2D1.1(b)(18).

3.      "In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether it cannot be located within the range of permissible decisions." United States v. Matta, 777 F.3d 116, 124 (2d Cir. 2015) (internal quotation marks omitted). We will "set aside a district court's substantive determination only in exceptional cases." Cavera, 550 F.3d at 190 (emphasis omitted).

6

Greenberg argues that the principal motivating factor for his 180-month sentence was his breach of the cooperation agreement, and that this factor was insufficient to justify his sentence, which was far higher than it would have been had he complied with the cooperation agreement.   To support the notion that his sentence was greater than necessary, Greenberg cites his substantial assistance to the government, the fact that his crimes did not involve violence, and his rehabilitation while incarcerated.

The transcript of Greenberg's sentencing hearing demonstrates that the district court fully considered the relevant sentencing factors in imposing Greenberg's sentence.   The court discussed, <u>inter alia</u>: the seriousness of Greenberg's narcotics conspiracy and his prior criminal history; the nonviolent nature of his conduct; the substantial cooperation he provided the government; the failure to comply with his cooperation agreement and the importance of protecting the integrity of the cooperation process; and letters submitted to the court attesting to his character.   The district court clearly gave thoughtful consideration to the relevant sentencing factors when concluding that a below-Guidelines sentence of 180 months was appropriate, and we will not "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations."   <u>Cavera</u>, 550 F.3d at 189.

We have considered Greenberg's remaining arguments and conclude they are without merit.   Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7