**UNITED STATES of America, Appellee,**

v.

**Pedro ORTIZ, Defendant–Appellant.**

**No. 700, Docket 96–1827.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 22, 1997.

Decided Oct. 31, 1997.

B. Alan Seidler, Nyack, New York, Defendant–Appellant.

Dolan Garrett, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York (Zachary W. Carter, United States Attorney, Susan Corkery, Assistant United States Attorney, of counsel), for Appellee.

Before: WINTER, Chief Judge,
MESKILL, Circuit Judge, and POLLACK,
District Judge.*

PER CURIAM:

Pedro Ortiz appeals from a sentence of, *inter alia,* 120 months imprisonment, imposed by Judge Glasser after Ortiz pleaded guilty to conspiracy to distribute and possession with intent to distribute heroin, cocaine, and cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Ortiz argues that the district court erred in refusing to apply the so-called "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which would have allowed him to be sentenced under the Sentencing Guidelines and below the

---

* The Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation.

minimum sentence fixed by statute. We disagree and affirm.

On May 13, 1996, Ortiz pleaded guilty to Count One of a nine-count indictment, admitting that from May 1994 to June 1995 he, together with named co-conspirators, knowingly and intentionally conspired to distribute and possess with intent to distribute heroin, cocaine, and cocaine base. The parties agree that, for purposes of the Sentencing Guidelines, Ortiz's offense level was 20, with a sentencing range of 33 to 41 months. Under 21 U.S.C. § 841(b)(1)(A), however, Ortiz was subject to a minimum prison term of 10 years.

By letter dated September 30, 1996, Ortiz notified the district court that, *inter alia*, he would move at sentencing for a sentence below the 10–year statutory minimum, pursuant to the "safety valve" provisions set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. These provisions entitle a defendant to "a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence," if the defendant meets five criteria: (i) the defendant has no more than one criminal-history point; (ii) the defendant "did not use violence or credible threats of violence or possess a firearm or other dangerous weapon ... in connection with the offense"; (iii) no one was killed or seriously hurt as a result of the offense; (iv) the defendant was not an organizer, leader, manager, or supervisor in the offense and was not engaged in a continuing criminal enterprise; and (v) "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense...." U.S.S.G. § 5C1.2(1)–(5); 18 U.S.C. § 3553(f)(1)–(5). Ortiz's September 30 letter stated that "he has clearly met or will meet the five criteria."

■ The government did not respond to the "safety valve" argument until Ortiz's sentencing hearing on December 12, 1996. At that hearing, the government asserted that Ortiz had failed to satisfy both the second and fifth criteria under Section 5C1.2. Judge Glasser agreed. As to Section 5C1.2(2), Judge Glasser determined that because, in the same transaction, Ortiz had sold both heroin and a semiautomatic weapon to an undercover agent, Ortiz "possessed" a firearm "in connection with" his offense of conviction. As to Section 5C1.2(5), Judge Glasser determined that, despite Ortiz's expressed "willingness" to provide information to the government, he had never actually provided any information. In an order entered on December 13, 1996, Judge Glasser reiterated his findings and concluded that Ortiz was not entitled to relief under the safety valve provisions in Section 5C1.2 and 18 U.S.C. § 3553(f). We review a sentencing court's factual findings for clear error, but review the court's interpretation of the safety valve provisions *de novo*. *United States v. Ramirez*, 94 F.3d 1095, 1099 (7th Cir.1996); *United States v. Flanagan*, 80 F.3d 143, 145 (5th Cir.1996).

■ Appellant had the burden of proving that he met all five criteria of the safety valve provisions. *United States v. Gambino*, 106 F.3d 1105, 1110 (2d Cir.1997); *United States v. Sabir*, 117 F.3d 750, 754 (3d Cir. 1997); *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir.1997); *United States v. Myers*, 106 F.3d 936, 941 (10th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 2446, 138 L.Ed.2d 205 (1997). As to the fifth requirement, appellant had to show that, "not later than the time of the sentencing hearing, [he] ha[d] truthfully provided to the Government all information and evidence [he] ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(5); *Gambino*, 106 F.3d at 1110. This fifth requirement, in short, required appellant "to disclose all he knows concerning both his involvement and that of any co-conspirators." *United States v. Ivester*, 75 F.3d 182, 184 (4th Cir.), *cert. denied*, 518 U.S. 1011, 116 S.Ct. 2537, 135 L.Ed.2d 1060 (1996); *accord, Myers* 106 F.3d at 941.

■ Ortiz does not contend that, as of the time of sentencing, he had actually provided the government with all the information he had concerning the conspiracy. It would appear under the plain language of the statute, therefore, that Ortiz failed to satisfy the fifth requirement of the safety valve provisions. Ortiz contends, however, that his September

30 letter to the district court expressed a willingness to provide the required information, and that the government never responded to his offer.

Both the Fifth and the Fourth Circuits have considered the issue of whether the government, having been provided notice that a defendant was willing to provide information about a crime, has a duty to seek out that information. Both circuits have concluded that the government has no such duty for purposes of the safety valve provisions. *See Flanagan,* 80 F.3d at 146 (concluding that "the burden is on the defendant to provide the Government with all information and evidence regarding the offense. There is no indication that the Government must solicit the information."); *Ivester,* 75 F.3d at 185–86 ("defendants cannot claim the benefit of § 3553(f) by the mere fact that the Government never sought them out for debriefing"); *cf. United States v. Beltran–Ortiz,* 91 F.3d 665, 669 n. 4 (4th Cir.1996) (noting that although government has no general duty to debrief defendant, it cannot argue that defendant failed to meet his disclosure obligation where it promises in plea agreement to debrief defendant and then fails to do so). In *Flanagan,* the Fifth Circuit pointed out that because the safety valve provisions require disclosure even where "the Government is already aware of the information," 18 U.S.C. § 3553(f)(5), U.S.S.G. § 5C1.2(5), it would be "anomalous" to require the government to solicit information where the government "is aware of all the relevant or useful information." *Flanagan,* 80 F.3d at 146. In *Ivester,* the Fourth Circuit noted that the safety valve provisions require a defendant to "provide" information, and that this term would be meaningless if a defendant could qualify for safety valve protection merely by expressing a willingness to provide information. *Ivester,* 75 F.3d at 185.

We agree with the Fourth and Fifth Circuits' interpretation of 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(5), at least with regard to the facts before us. Ortiz has not provided the requisite information, has not made a proffer with regard to that information, and has not even sought a meeting with the government. This is not a case in which there is any possibility of a misunderstanding or of a rebuff by the government when Ortiz sought to provide the requisite information. The statute requires a defendant to provide that information by the time of sentencing. Ortiz has done no more than express his willingness to the district court to provide the information and to request sentencing under the safety valve provisions based solely on that expression of willingness. More was required on his part to satisfy the fifth requirement of those provisions. Because a defendant must satisfy all five requirements to get the benefit of those provisions and Ortiz failed to satisfy the fifth requirement, we need not reach the question of whether Ortiz met the second requirement.

We therefore affirm.