**UNITED STATES, Appellee,**

v.

**William GONZALEZ, Defendant–Appellant.**

**No. 05–2433.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Donald duBoulay, New York, NY, for Appellant.

David V. Harbach II (Michael J. Garcia, United States Attorney for the Southern District of New York, Karl Metzner, Assistant United States Attorney, on the brief), Office of the United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK Circuit Judges and CAROL B. AMON, District Judge.[*]

## SUMMARY ORDER

Defendant William Gonzalez appeals from a May 5, 2005 judgment of the District Court adjudging him, pursuant to his September 14, 2004 plea of guilty, guilty of conspiracy to import cocaine and heroin into the United States, 21 U.S.C. §§ 812, 952, 960, conspiracy to distribute and to possess with intent to distribute cocaine and heroin, 21 U.S.C. §§ 812, 841, and conspiracy to distribute and to possess with intent to distribute Ecstacy, 21 U.S.C. §§ 812, 841. The District Court sentenced Gonzalez principally to one hundred twenty months' imprisonment upon a finding that Gonzalez's crimes triggered a mandatory ten-year minimum sentence [1] and that Gonzalez was ineligible for a "safety valve"

provision exempting certain offenders from the mandatory minimum.[2]

We assume the parties' familiarity with the underlying facts and procedural history.

An offender has the burden of proving his eligibility for the "safety valve." *See United States v. Tang*, 214 F.3d 365, 371 (2d Cir.2000). The District Court's findings of fact concerning whether a defendant "truthfully provided" the requisite information is reviewed for clear error. *See United States v. Ortiz*, 136 F.3d 882, 883 (2d Cir.1997) (quoting 18 U.S.C. § 3553(f)(5)).

Here, the District Court's finding that Gonzalez was untruthful when describing his role in the offense as a small one and denying allegations of prior drug activity has ample support in the record. Because the District Court did not err, much less clearly err, we do not disturb the sentence imposed.

\*   \*   \*   \*   \*   \*

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

---

[*] The Honorable Carol B. Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

1. The mandatory minimum sentence provisions are codified at 21 U.S.C. §§ 841(b)(1)(a), 960(b)(1).

2. To qualify for a "safety valve," an offender must satisfy five conditions enumerated at 18 U.S.C. § 3553(f). The District Court found

that Gonzalez did not meet the requirement of Section 3553(f)(5), which states that by the time of sentencing, defendant must have "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." *Id.*