**UNITED STATES of America, Appellee,**

v.

**Carmen BARATTO, Defendant–Appellant.**

**No. 05–4954–cr.**

United States Court of Appeals, Second Circuit.

July 5, 2006.

B. Alan Seidler, New York, N.Y., for Petitioner.

E. Danya Perry, Assistant United States Attorney (Celeste L. Koeleveld, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, Brooklyn, N.Y., for Respondent.

PRESENT: ROGER J. MINER, GUIDO CALABRESI, Circuit Judges, and RICHARD J. HOLWELL, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Carmen Baratto ("Appellant"), who pleaded guilty to two counts of drug-related charges, appeals the final judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*). The District Court sentenced Appellant to the mandatory minimum of ten years in prison and five years of supervised release. On appeal, Appellant principally disputes the District Court's conclusion that Appellant was ineligible for safety valve relief. The District Court reached this conclusion on the basis of its finding that Appellant had not "truthfully provided to the Government all information and evidence the defendant has concerning the offense," which, under 18 U.S.C. § 3553(f)(5), is a prerequisite for safety valve relief. We assume the parties' familiarity with the facts, procedural · history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

The safety valve provisions of 18 U.S.C. § 3553(f) authorize a court to issue a sentence below "any statutory minimum sentence" if the defendant meets five criteria, the last of which is that, "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." § 3553(f)(5). The defendant bears the burden of proving that she meets all five criteria. *See United States v. Ortiz*, 136 F.3d 882, 883 (2d Cir.1997). With respect to the truthfulness requirement in particular, we have held that "the burden should fall on the defendant to *prove* to the court that [she] has provided the requisite information if [she] is to receive the benefit of the statute." *United States v. Gambino*, 106 F.3d 1105, 1110 (2d Cir.1997) (emphasis in original).

The District Court found that Appellant had not been truthful in at least three different particulars. With regard to such factfinding by the District Court, "[f]acts ... need [to] be established only by a preponderance of the evidence," and "the court's factual findings are reviewed only for clear error." *United States v. Miller*, 116 F.3d 641, 684 (2d Cir.1997).

Having reviewed the record in full, we conclude that the District Court did not commit error in deciding that Appellant did not truthfully provide a sufficiently complete account of her offense.

We have considered all of Appellant's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.

---

* The Honorable Richard J. Holwell, of the United States District Court for the Southern District of New York, sitting by designation.