**UNITED STATES of America,
Appellee,**

v.

**Christian T. VIERTEL, Defendant–
Appellant.**

**Nos. 05–5012–cr(L), 05–6175–cr(Con).**

United States Court of Appeals,
Second Circuit.

Sept. 26, 2007.

Robert A. Culp, Garrison, NY, for Appellant.

Marcia S. Cohen, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Mark D. Harris, Katherine Polk Failla, Assistant United States Attorneys, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Christian T. Viertel ("Viertel") appeals from (1) an order of the District Court denying his motion for a new trial pursuant to Federal Rule of Criminal Procedure 33; and (2) an order of the District Court denying his motion for resentencing pursuant to a remand of this Court. Viertel was convicted of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 37 and two counts of wire fraud in violation of 18 U.S.C. §§ 1343, 1346, and 2. He was sentenced principally to a term of twenty-one months' imprisonment and ordered to pay restitution in the amount of $345,673.96. On appeal, Viertel argues that the District Court erred in denying his motion for a new trial on the basis of certain allegedly newly discovered evidence. He also argues that his sentence was unreasonably lengthy because the District Court erroneously relied upon the total amount of loss which it found attributable to Viertel rather than the amount of the transaction which formed the basis for the wire fraud

counts. Finally, he argues that the sentence imposed violates his Fifth and Sixth Amendment rights because it is based upon judge-found facts, although he acknowledges that these arguments are foreclosed by the precedents of this Court. We assume the parties' familiarity with the facts and procedural history of the case.

We review the denial of a motion for a new trial for an abuse of discretion and the district court's findings of fact in connection with such a motion for clear error. *United States v. Diaz,* 922 F.2d 998, 1006–07 (2d Cir.1990). We review the district court's finding of the amount of intended loss for clear error and review its interpretation of the relevant Guidelines provisions *de novo. United States v. Ortiz,* 136 F.3d 882, 883 (2d Cir.1997).

Viertel's arguments with respect to the District Court's denial of his motion for a new trial are without merit. We conclude that the District Court did not err in its determination of the loss attributable to the offense and that the sentence imposed is not unreasonable. For substantially the same reasons articulated in the District Court's Opinion and Order of May 4, 2005, 2005 WL 1053434, and its Memorandum Opinion and Order of August 2, 2005, 2005 WL 1844774, the judgment of the District Court is **AFFIRMED.**