09-0849-cr
United States v. Gomez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of July, two thousand ten.

PRESENT:   REENA RAGGI,
               RICHARD C. WESLEY,
               PETER W. HALL,
                     *Circuit Judges.*

----------------------------------------------------------------------

UNITED STATES OF AMERICA,
                *Appellee,*

        v.                                No. 09-0849-cr

MARINO ANTONIO REYES, also known as Ismael Roman,
                *Defendant-Appellant,*

MAXIMO GOMEZ, PEDRO LUIS RODRIGUEZ, also known as Jose Rodriguez, also known as Captain Ramon, also known as Flaco,
                *Defendants.*

----------------------------------------------------------------------

APPEARING FOR APPELLANT:      JILLIAN S. HARRINGTON, Monroe Township, New Jersey.

APPEARING FOR APPELLEE:       CHI T. STEVE KWOK, Assistant United States Attorney (John M. Hillebrecht, Assistant United States Attorney, *on the*

*brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on February 25, 2009, is AFFIRMED.

Marino Antonio Reyes, who is serving a 97-month prison term for conspiracy to distribute 500 grams or more of cocaine, see 21 U.S.C. § 846, challenges his conviction on grounds of (1) insufficient evidence, (2) evidentiary error respecting expert testimony, (3) ineffective assistance of counsel, and (4) procedural error in sentencing. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Sufficiency of the Evidence

Although we review a claim of insufficient evidence de novo, see United States v. Yannotti, 541 F.3d 112, 120 (2d Cir. 2008), the defendant "bears a heavy burden" because we "must consider the evidence 'in the light most favorable to the prosecution' and uphold the conviction if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" United States v. Aguilar, 585 F.3d 652, 656 (2d Cir. 2009) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in Jackson)).

2

To prove a defendant guilty of a conspiracy to distribute drugs, the evidence must establish a distribution scheme and defendant's knowing joinder therein as something he wished to succeed. See United States v. Santos, 541 F.3d 63, 70 (2d Cir. 2008). In this case, the testimony of co-conspirator Maximo Gomez provided the required evidence. Gomez testified that in June 2007, after a man named Franklin asked Gomez to sell him three to four kilograms of cocaine, Gomez proposed the deal to confederate Jose Rodriguez. Rodriguez agreed and, on June 19, 2007, told Gomez that the cocaine would be transported to the sale site in Gomez's car. During that same conversation, Gomez observed Rodriguez place a telephone call to appellant Reyes.

Later that day, when Gomez met Rodriguez and Reyes at a pre-arranged location, Reyes got out of the van he was driving, asked Gomez for his car keys, and proceeded to leave the scene alone in Gomez's car. Reyes returned about fifteen minutes later, the car then loaded with three kilograms of cocaine. Reyes directed Gomez to drive the car to New Jersey, with Reyes and Rodriguez following in Reyes's van. Leaving the cocaine-laden car a few blocks from the arranged sale site, Gomez and Rodriguez met with Franklin, while Reyes waited at a nearby bar. After concluding that Franklin's behavior was suspicious, Reyes and Gomez met and agreed to call off the transaction. They were arrested a short time later, and three kilograms of cocaine were seized from Gomez's car.

Reyes's post-arrest conduct evidenced his consciousness of guilt. He urged Gomez to deny that Reyes was the source of the cocaine and to identify a fictitious restaurant-owner,

"El Cojo," as the drug supplier. Reyes told Gomez to say that Reyes was only a taxi driver who had no knowledge of or involvement in the intended drug transaction.

This evidence was plainly sufficient to demonstrate that Reyes was no innocent bystander but, instead, a knowing and willing participant in a concerted scheme to distribute kilogram quantities of cocaine. See United States v. Florez, 447 F.3d 145, 155 (2d Cir. 2006) (holding that uncorroborated testimony of even single accomplice witness can be sufficient to convict). Reyes was not merely present during a drug transaction. He secured drugs that were intended for distribution and participated in the decision to abort the deal after suspicions arose about the buyer.

Reyes's sufficiency challenge thus reduces to an argument that Gomez "was not the most credible of witnesses." Appellant's Br. at 18. The question of Gomez's credibility is not properly before us on appeal. "Assessments of witness credibility and choices between competing inferences lie solely within the province of the jury." United States v. Payne, 591 F.3d 46, 60 (2d Cir. 2010); see also United States v. Chavez, 549 F.3d 119, 124 (2d Cir. 2008) (noting that, in reviewing sufficiency challenge, court is obligated to draw all reasonable inferences in government's favor and to defer to jury's credibility determinations). In any event, Gomez's testimony was corroborated by other circumstantial evidence, including phone records, law enforcement agents' surveillance, and video footage. Viewing the totality of the evidence in the light most favorable to the government and drawing all

permissible inferences in its favor, we cannot conclude that the evidence was insufficient to permit a reasonable juror to find Reyes guilty of the charged conspiracy.

2.    Admission of Agent Carrera's Testimony

Reyes submits that the district court erred in permitting DEA Agent Miguel Carrera to offer expert testimony regarding the characteristics, processing, and retail value of cocaine at the street level in light of the government's failure to provide the notice required by Fed. R. Crim. P. 16(a)(1)(G). He further contends that the testimony – if relevant at all – was substantially more prejudicial than probative. See Fed. R. Evid. 403. Reyes did not raise these objections at trial; to the contrary, defense counsel herself elicited further testimony from Agent Carrera about drug trafficking that she used to challenge Gomez's credibility. Assuming arguendo that Reyes forfeited, rather than intentionally relinquished, this challenge, cf. United States v. Olano, 507 U.S. 725, 733-34 (1993); United States v. Gore, 154 F.3d 34, 41 (2d Cir. 1998), we review for plain error, see Fed. R. Crim. P. 52(b), and find none.

Neither this court nor the Supreme Court has squarely addressed whether a law enforcement officer who testifies about the typical packaging and sale of drugs experienced in his work provides lay or expert testimony. Other circuits are split on the issue. Compare United States v. Oriedo, 498 F.3d 593, 602-04 (7th Cir. 2007) (holding that, when testifying about typical drug packaging, agent should be treated as expert), with United States v. Ayala-Pizarro, 407 F.3d 25, 27-29 (1st Cir. 2005) (upholding admission of agent's lay opinion

5

about typical heroin packaging). In these circumstances, we cannot identify plain error in a decision to allow Agent Carrera to offer lay opinion testimony about typical drug packaging. See, e.g., United States v. Polouizzi, 564 F.3d 142, 156 (2d Cir. 2009) ("An error is plain if the ruling was contrary to law that was clearly established by the time of the appeal." (internal quotation marks omitted)); accord Lavin-McEleney v. Marist Coll., 239 F.3d 476, 483 (2d Cir. 2001).

Insofar as lay opinion testimony must be "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702," Fed. R. Evid. 701, Agent Carrera's testimony satisfied these requirements. Information about typical street-level sales of cocaine provided the jury with helpful context for defendants' professed concerns about the trustworthiness of a purported buyer of three kilograms of the drug. Moreover, Agent Carrera's testimony about street sales appears to have been based on his own personal observations. See, e.g., Trial Tr. at 272-73.[1] To the extent Agent Carrera's testimony about the typical purity level of cocaine sold on the street involved "scientific, technical, or other specialized knowledge

---

[1] To the extent Agent Carrera may have relied on other agents' experience as well as his own, that would not be a proper basis for lay opinion testimony. See United States v. Garcia, 413 F.3d 201, 212 (2d Cir. 2005). Any error was harmless, however, in light of the fact that (1) the evidence was relevant only as background, and (2) the defense not only failed to challenge the agent's opinion, but itself elicited and relied on his opinion in its own case. See id. at 217-18 (holding Rule 701 error harmless).

6

within the scope of Rule 702," Fed. R. Evid. 701(c), Reyes has not demonstrated that this background information affected the outcome of the proceeding, see United States v. Garcia, 587 F.3d 509, 520 (2d Cir. 2009) (noting that to satisfy plain-error review requirement that error affect substantial rights, the error "must have affected the outcome of the district court proceedings" (internal quotation marks omitted)).  Reyes's guilt hinged on his knowing participation in a scheme to sell three kilograms of cocaine – a wholesale quantity – and in no way depended on the purity level of cocaine retailed on the street.  See United States v. Garcia, 413 F.3d 201, 217-18 (2d Cir. 2005).

Finally, the admission of Agent Carrera's testimony manifests no Rule 403 error. Because Agent Carrera was never denominated an "expert" before the jury, Reyes's claim that expert testimony by law enforcement personnel is intrinsically prejudicial is inapposite. Cf. United States v. Dukagjini, 326 F.3d 45, 53 (2d Cir. 2003) (observing that, "when a fact witness or a case agent also functions as an expert for the government, the government confers upon him [t]he aura of special reliability and trustworthiness surrounding expert testimony," thus "creat[ing] a risk of prejudice because the jury may infer that the agent's opinion about the criminal nature of the defendant's activity is based on knowledge of the defendant beyond the evidence at trial" (first alteration in original; internal quotation marks omitted)). Although Reyes complains that Agent Carrera's testimony cast Reyes as a "sophisticated drug lord who made millions of dollars preying on street level addicts," Appellant's Br. at 35, the record does not support this claim.  At no point during his

7

challenged testimony did Agent Carrera characterize Reyes as a "drug lord" or insinuate that Reyes profited from the sale of street-level drugs.

For the foregoing reasons, Reyes's challenge to the district court's admission of Agent Carrera's testimony is unavailing.

3. Ineffective Assistance of Counsel

Despite our general aversion to resolving ineffective assistance claims on direct appeal, we may do so where, as here, the "factual record is fully developed and resolution of the . . . claim . . . is 'beyond any doubt.'" United States v. Gaskin, 364 F.3d 438, 467-68 (2d Cir. 2004) (quoting United States v. Khedr, 343 F.3d 96, 100 (2d Cir. 2003)). In light of our determination that Reyes was not prejudiced by the admission of Agent Carrera's testimony, Reyes's claim that counsel was ineffective in failing to object to this testimony, or to request a limiting instruction, necessarily fails at the second step of Strickland analysis. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

4. Sentencing Challenges

Reyes argues that the district court erred in (1) applying a two-level role enhancement pursuant U.S.S.G. § 3B1.1(c) in calculating his Sentencing Guidelines range, and (2) concluding that he was safety valve ineligible. We disagree.

"A district court's finding under section 3B1.1 regarding a defendant's role in a criminal activity is a factual determination that will not be overturned unless 'clearly erroneous.'" United States v. Garcia, 936 F.2d 648, 656 (2d Cir. 1991). That is not this case.

8

A defendant's leadership role under U.S.S.G. § 3B1.1(c) depends upon "the degree of discretion exercised by him, the nature and degree of his participation in planning or organizing the offense, and the degree of control and authority exercised over the other members of the conspiracy." United States v. Beaulieau, 959 F.2d 375, 379-80 (2d Cir. 1992); accord United States v. Si Lu Tian, 339 F.3d 143, 157 (2d Cir. 2003). In concluding that Reyes was a leader of the charged conspiracy, the district court reasonably relied on evidence that Reyes (1) supplied the seized cocaine; (2) negotiated the purchase price of the cocaine and arranged for its transport from New York to New Jersey; (3) "sent his coconspirators to deal with the buyer, . . . while he monitored the situation"; and (4) participated in the decision to call off the transaction when "his suspicions were aroused" by the informant's conduct. Sent'g Tr. at 12. Although Reyes argues that the better interpretation of the evidence is that he was simply "a middleman who supplied the drugs," Appellant's Br. at 47, the district court's findings of a leadership role are plausible in light of the record and, therefore, cannot be disturbed. See Anderson v. Bessemer City, 470 U.S. 564, 574 (1985) (noting that on clear-error review court will not disturb factual findings that are "plausible in light of the record viewed in its entirety"); United States v. Salim, 549 F.3d 67, 74 (2d Cir. 2008) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)).

That Rodriguez may have played an equally significant or greater role in the conspiracy does not alter this conclusion. It is well-established that "one conspirator's

9

leadership role is not dispositive on the question of whether another was also a leader." United States v. Duncan, 42 F.3d 97, 106 n.6 (2d Cir. 1994); see also U.S.S.G. § 3B1.1 cmt. n.4 ("There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy."). Accordingly, we identify no procedural error in the district court's application of a § 3B1.1(c) enhancement to the calculation of Reyes's Guidelines range.

It necessarily follows that we identify no error in the district court's finding that Reyes failed to satisfy the fourth requirement for safety valve consideration under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a), that is, that he "was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines." While we review the district court's interpretation of the safety valve criteria de novo, we review its factual findings as to a defendant's eligibility for such relief only for clear error, see United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997), and identify none here.

5.     Conclusion

We have considered Reyes's remaining arguments on appeal and conclude that they lack merit. For the foregoing reasons, the district court's February 25, 2009 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

10