09-3443-cr
United States v. Oye

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of October, two thousand and ten.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                          *Appellee*,

              -v-                                   09-3443-cr

TOM OYE,

                          *Defendant-Appellant*.

_____

Appearing for Appellant:     Howard M. Simms, New York, N.Y.

Appearing for Appellee:      Todd Kaminsky, Assistant United States Attorney for the Eastern
                             District of New York (Loretta E. Lynch, United States Attorney, Jo
                             Ann M. Navickas, of counsel, *on the brief*), Brooklyn, N.Y.

1

Appeal from the United States District Court for the Eastern District of New York  (Ross, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Tom Oye pleaded guilty to (1) conspiring to import 100 grams or more of heroin into the United States violation of 21 U.S.C. §§ 963, 960(a)(1) and 960(b)(2)(A); (2) importing 100 grams or more of heroin in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(2)(A); (3) conspiring to possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(i); and (4) attempting to possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(i) on September 30, 2008.

On July 21, 2009, Judge Ross of the United States District Court for the Eastern District of New York sentenced Oye principally to 60 months' imprisonment.  Oye now appeals, arguing the district court failed to properly consider his application for safety valve relief pursuant to 18 U.S.C. § 3553.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

After entering his guilty plea, Oye and his attorney held at least four separate proffer sessions with the government in an attempt to qualify for the safety valve provisions set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  The government did not find the information offered in Oye's proffer sessions credible, and argued against the grant of safety valve relief in district court.  The district court conducted a *Fatico* hearing to determine Oye's eligibility for safety valve relief.

This appeal focuses primarily on the last safety valve criterion, which requires that no "later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5).  Oye bore the burden of proving he satisfied all the safety valve requirements. *See United States v. Ortiz*, 136 F.3d 882, 883 (2d Cir. 1997).

"We review a sentencing court's factual findings for clear error, but review the court's interpretation of the safety valve provisions de novo." *Ortiz*, 136 F.3d at 883.  To satisfy the fifth criterion, a defendant must, as of the time of his sentencing, "have rendered an exhaustive and truthful portrayal of his knowledge of his offense conduct and all related activity." *United States v. Nuzzo*, 385 F.3d 109, 119 n. 25 (2d Cir. 2004).  In determining if a defendant is entitled to safety valve relief, the district court may consider the defendant's prior lies and omissions "in determining whether the defendant has met his burden of proving that the information provided as of sentencing is complete and truthful." *Id.*

2

Oye argues that Judge Ross denied him safety valve relief on the theory that she failed to recognize it was her judgment as to his veracity, not the government's, that governed the analysis.

Oye bases his argument on the following statement by the district court at the close of the hearing:

> I would say this is very difficult. I have been listening to five hours of testimony and I think perhaps the only way I can say it and the most I can say, the burden is on you, and I can't find from testimony that I am persuaded that everything has been said.
>
> By the same token I certainly can't find your client was lying by clear and convincing evidence. I'm kind of left nowhere. I suppose what that does it limits the damage to your client.
>
> I cannot override the government's judgment with respect to whether or not it has received a full complete and candid story or explanation as to what has gone on historically so I can't confer the safety valve, but by the same token I would not, I certainly make no finding of obstruction of justice and will permit the defendant [] at least two points off for acceptance of responsibility.

(Hearing transcript, July 21, 2009, p. 148-49). It is abundantly clear from the record that Judge Ross understood the correct legal standard. Prior to receiving Oye's testimony, the court observed that "ultimately the question before me" is whether Oye is "telling the truth today." (Hearing transcript, July 6, 2009, at 3); that "if what I'm going to get today is the full version of the truth, as your client perceives it . . ., then it doesn't make a difference what he told the agents before. It only makes a difference what he's saying now . . ." (*id.* at 3-4); and that "should Mr. Oye actually proffer truthfully about everything today on the witness stand, I would give him credit for the safety valve." (Hearing transcript, July 21, 2009, at 6). And after hearing Oye's testimony, the court stated that "the burden was on the defense to establish to me that Mr. Oye, as of the time of sentencing, as of the time of this hearing, had told [the] truth about everything relating to what he did and relevant conduct." The judge's final comments simply reflect her belief that Oye did not testify truthfully, barring her from granting him safety valve relief.

We have considered all of Oye's contentions on this appeal and have found them to be without merit. The record amply supports the district court's finding that Oye failed to testify truthfully. The safety valve statute requires that the district court make its own determination as to whether the defendant satisfied the safety valve criteria, and "we owe a district court deference with respect to factual findings, especially those based on witness credibility." *Nuzzo*, 385 F.3d at 118. On this record, we find no error.

A We note that the amendment judgment filed on July 31, 2009 wrongly describes count one of the indictment, as it states Oye pleaded guilty to "conspiracy to import one hundred grams & more of heroin."  While the judgment of the district court hereby is **AFFIRMED**, we **REMAND** for the sole purpose of correcting the amended judgment to read "conspiracy to import one hundred grams or more of heroin."

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4