09-5179-cr
United States v. McKenzie

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of April, two thousand eleven.

Present:
> ROBERT D. SACK,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                             No. 09-5179-cr

TROY McKENZIE,

> *Defendant-Appellant*.

---

FOR APPELLANT:          MATTHEW M. ROBINSON, ESQ., Covington, KY.

FOR APPELLEE:           JAMES D. GATTA, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *of counsel*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York.

---

Appeal from the United States District Court for the Eastern District of New York (Trager, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Troy McKenzie appeals from a judgment entered by the district court (Trager, *J.*), convicting him, following a jury trial, of one count of conspiracy to possess with intent to distribute marijuana under 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(vii), and one count of attempted possession with intent to distribute five kilograms or more of cocaine under 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii)(II), and sentencing him in principal part to 120 months' imprisonment on each count, to run concurrently. McKenzie moved below under Fed. R. Crim. P. 29 for acquittal on both counts, alleging insufficient evidence, but the district court denied his motion. McKenzie challenges that determination on appeal as well as the district court's finding that he was ineligible for the "safety valve" under 18 U.S.C. § 3553(f). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

I.      The Sufficiency Challenge

"While we review *de novo* the denial of a Rule 29 sufficiency challenge, we apply the same deferential standard as the district court in assessing the trial evidence, *i.e.*, we view that evidence in the light most favorable to the government, assuming that the jury resolved all questions of witness credibility and competing inferences in favor of the prosecution." *United States v. Abu-Jihaad*, 630 F.3d 102, 134 (2d Cir. 2010) (internal citations omitted); *see also United States v. Morrison*, 153 F.3d 34, 49 (2d Cir. 1998) ("We defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of competing inferences that can be drawn from the evidence."). We have thus held that a

defendant challenging the sufficiency of the evidence "bears a very heavy burden," *United States v. Desena*, 287 F.3d 170, 177 (2d Cir. 2002), because we must uphold the verdict provided that "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" *United States v. Stewart*, 590 F.3d 93, 109 (2d Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in *Jackson*)).

McKenzie asserts that the evidence in support of Count One—conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana—was insufficient because the Government showed only that he gave money to "Mr. Respect," that this money was later transported to Texas, and that he was present during a conversation between "Mr. Respect" and "6-0" about missing marijuana. He maintains that these acts do not establish his knowing participation in a conspiracy. We disagree.

McKenzie fails to acknowledge all of cooperating witness Robert McCleary's incriminating testimony, upon which a rational trier of fact could have concluded that: (1) McKenzie counted out a sum of money on an electric currency counting machine and placed that money in a locked traveling bag for transport to Texas as payment for a marijuana shipment; (2) McCleary overheard McKenzie reference the missing marijuana in a conversation with "6-0" and "Mr. Respect"; and (3) McKenzie met McCleary at the construction yard in Ridgewood and took possession of the marijuana shipment. We have no difficulty concluding that these facts, as well as McCleary's other testimony concerning the scope and operation of the drug trafficking organization, constitute ample evidence upon which the jury could reasonably conclude that McKenzie was aware of the conspiracy to distribute marijuana, and that he knowingly joined and participated in that conspiracy. *See United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004)

-3-

("To sustain a conspiracy conviction, the government must present some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it.") (internal quotations omitted).

McKenzie also contends that the evidence in support of Count Three—attempted possession with intent to distribute five kilograms or more of cocaine—was insufficient because he was unaware that McCleary's November 29, 2004 shipment contained cocaine, he never attempted to actually possess the cocaine, and his role was limited to providing McCleary with driving directions to the construction yard. As with Count One, however, McKenzie fails to give consideration to all of the evidence in the record.

"In order to establish that a defendant is guilty of an attempt to commit a crime, the government must prove that the defendant had the intent to commit the crime and engaged in conduct amounting to a 'substantial step' towards the commission of the crime." *United States v. Brand*, 467 F.3d 179, 202 (2d Cir. 2002) (some internal quotation marks omitted); *accord United States v. Martinez*, 775 F.3d 31, 35 (2d Cir. 1985); *see also United States v. Manley*, 632 F.2d 978, 987-88 (2d Cir. 1980) ("In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute."). Viewed in a light most favorable to the Government, the evidence at trial showed that in October 2004, McCleary transported a shipment of cocaine from Texas to Georgia, for which he was initially paid $15,000. When McCleary did not receive the balance of his payment, he called

-4-

McKenzie, who personally delivered the remaining $35,000. It further established that on November 29, 2004, McCleary (who was by then cooperating with the Government) called McKenzie, feigning that he was on route to New York City with a shipment, and McKenzie gave McCleary turn-by-turn directions to a construction yard in Ridgewood, New York, where McCleary had previously delivered a shipment of marijuana. During their telephone conversation on November 29, which was recorded, McKenzie made repeated references to the fact that McCleary should "remember" where he was going. Eventually, McKenzie offered to lead McCleary to the construction yard. McKenzie was arrested that same day at the construction yard, at which time his telephone was ringing with a call from Clacon James, a co-defendant, who was himself arrested near the construction yard later that day.

We find this evidence sufficient to support a conviction on Count Three. McKenzie's comments that McCleary should "remember" how to navigate to the construction yard constitute circumstantial evidence that McKenzie knew that McCleary was transporting a controlled substance since the only other time McCleary went to the yard was to deliver drugs, and McKenzie knew about that prior shipment because on that occasion, he met McCleary at the yard and took possession of the marijuana. The jury could reasonably have inferred that McKenzie gave directions to McCleary with the intent that he deliver the shipment to the yard, where McKenzie could claim possession. *See United States v. MacPherson*, 424 F.3d 183, 189 (2d Cir. 2005) ("[K]nowledge and intent can often be proved through circumstantial evidence and the reasonable inferences drawn therefrom."). Indeed, that McKenzie went to the construction yard later that day undermines his contention that he only gave directions to McCleary as a favor for James. McKenzie's actions on November 29 must also be considered in

-5-

view of McCleary's testimony concerning the scope and operations of the drug organization, since the jury received evidence that McKenzie had previously paid McCleary for a prior cocaine shipment and had assisted James with the marijuana shipments. A rational trier of fact could have relied on this evidence to infer that McKenzie intended to possess the cocaine shipment on November 29, and by giving directions to McCleary and showing up at the construction yard, McKenzie took substantial steps in furtherance of that objective. Finally, to the extent McKenzie argues that he could not be convicted on Count Three because he was unaware that the shipment contained cocaine, this is unavailing. Where a defendant is charged under 21 U.S.C. § 846 for violating 21 U.S.C. § 841, it is irrelevant whether the defendant had actual knowledge of the type or quantity of drug involved so long as he directly participated in the drug transaction. *See United States v. Andino*, 627 F.3d 41, 47 (2d Cir. 2010).

II.     "Safety Valve"

"We review a sentencing court's factual findings for clear error, but review the court's interpretation of the safety valve provisions *de novo*." *United States v. Ortiz*, 136 F.3d 882, 883 (2d Cir. 1997); *see United States v. Nuzzo*, 385 F.3d 109, 118 (2d Cir. 2004) ("We acknowledge that the plain language of the statute [18 U.S.C. § 3553(f)] requires the district court to make its own determination whether [a defendant] satisfied the safety-valve provision, and that we owe a district court deference with respect to factual findings, especially those based on witness credibility.") (internal quotation marks omitted) (alterations in original). Section 3553(f) of Title 18, which is incorporated under U.S.S.G. § 5C1.2, provides in relevant part that to be eligible for the "safety valve," a defendant must have

> [N]ot later than the time of the sentencing hearing, . . . truthfully provided
> to the Government all information and evidence the defendant has

-6-

concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

"[T]he plain language of the 'safety valve' places the burden on the defendant to provide truthful information to the government." *United States v. Gambino*, 106 F.3d 1105, 1110 (2d Cir. 1997); *see id.* ("[T]he defendant [must] . . . *prove* to the court that he has provided the requisite information if he is to receive the benefit of the statute.") (emphasis in original); *see also United States v. Jimenez*, 451 F.3d 97, 102-03 (2d Cir. 2006). We find no error with the district court's denial of the safety valve. McKenzie failed to address a number of incriminating facts during his proffer session and the subsequent hearing, and his explanations for certain discrepancies between his testimony and the record evidence were not entirely plausible. Viewing the record as a whole, therefore, and bearing in mind the deference we must give to the fact finder on the issue of witness credibility, it was not clear error for the district court to conclude that McKenzie had not been "completely candid" with the Government.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK