10-2075-cr
United States v. Clark

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand eleven.

PRESENT: JOHN M. WALKER,
REENA RAGGI,
SUSAN L. CARNEY,
    *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
    *Appellee*,

v.                                                    No. 10-2075-cr

ALAN B. CLARK,
    *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:        Steven Y. Yurowitz, Esq., New York, New York.

FOR APPELLEE:         Wendy L. Fuller, Paul J. Van de Graaf, Assistant United States Attorneys, *on behalf of* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from the United States District Court for the District of Vermont (Christina C. Reiss, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment entered on May 14, 2010, is AFFIRMED.

Defendant Alan B. Clark, who pleaded guilty to conspiracy to distribute 500 grams or more of cocaine, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, appeals his 60-month prison sentence, the mandated statutory minimum but a considerable variance from his Guidelines range of 120 to 151 months. Clark submits that the district court erred in finding him ineligible for safety valve relief pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a), based on (1) his failure truthfully to provide all information regarding his offense conduct, see 18 U.S.C. § 3553(f)(5), and (2) his use of threats of violence "in connection with" his offense, id. § 3553(f)(2). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review the district court's interpretation of the legal criteria for safety valve relief de novo and its related factual findings for clear error. See United States v. Ortiz, 136 F.3d 882, 883 (2d Cir. 1997). Because we identify no error, let alone clear error, in the findings supporting the district court's determination that Clark was ineligible under § 3553(f)(5), we need not here determine whether he was also ineligible under § 3553(f)(2).

To qualify for relief from a statutorily mandated minimum sentence, a defendant bears the burden of proving by a preponderance of the evidence that he has satisfied all five criteria set forth in 18 U.S.C. § 3553(f). See United States v. Tang, 214 F.3d 365, 371 (2d Cir. 2000). The district court found that Clark failed to carry this burden with respect to

§ 3553(f)(5) because his pre-sentence proffer statement minimized the quantity of drugs he dealt in the course of the charged conspiracy in a way inconsistent with both his recorded statements intercepted in the course of the conspiracy and his post-arrest admissions. The recorded statements and admissions supported the Pre-Sentence Report finding, adopted by the district court, that Clark's offense conduct involved at least five kilograms of cocaine, well above the approximately one kilogram he maintained in his proffer statement. On this record, the district court acted well within its discretion in rejecting Clark's explanation that his earlier statements were self-serving exaggerations and in finding that Clark failed to carry his preponderance burden with respect to § 3553(f)(5). See United States v. Conde, 178 F.3d 616, 620–21 (2d Cir. 1999).

Because we identify no merit in Clark's sentencing challenge, the district court's amended judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3