United States v. Pedro Gonzalez Cueto

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8th day of May, two thousand twenty.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                      *Circuit Judges.*

UNITED STATES OF AMERICA,

                      *Appellee*,

             v.                                              19-1379

PEDRO GONZALEZ CUETO,

                      *Defendant-Appellant.*[1]

Appearing for Appellant:     Devin McLaughlin, Langrock, Sperry & Wool, LLP (William A. Vasilious II, *on the brief*), Middlebury, VT.

Appearing for Appellee:      David J. Lizmi, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

.

---

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Pedro Gonzalez Cueto appeals from the May 7, 2019 judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*) sentencing him to five years' imprisonment following his conviction of one count of conspiracy to import cocaine, in violation of 21 U.S.C. §§ 963, 960(b)(2)(B)(ii); one count of importation of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(2)(B)(ii); one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(ii)(II); and one count of possession with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II). Gonzalez Cueto was sentenced to five years' imprisonment and four years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Gonzalez Cueto argues that the district court made three erroneous evidentiary rulings. We review evidentiary rulings "for abuse of discretion, which we will identify only if the ruling was arbitrary and irrational." *United States v. Coppola*, 671 F.3d 220, 244 (2d Cir. 2012) (internal quotation marks and citation omitted). This review "is highly deferential in recognition of the district court's superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." *Id.* (internal quotation marks and citation omitted).

Gonzalez Cueto argues that the district court abused its discretion in admitting co-conspirator hearsay statements introduced during the testimony of Joel Yarleque. As explained in *United States v. Gupta*:

> Under Rule 801(d), an out-of-court statement offered for the truth of its contents is not hearsay if the statement is offered against an opposing party and it was made by the party's coconspirator during and in furtherance of the conspiracy. Thus, in order to admit a statement under this Rule, the court must find (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy. In determining the existence and membership of the alleged conspiracy, the court must consider the circumstances surrounding the statement, as well as the contents of the alleged coconspirator's statement itself.

747 F.3d 111, 123 (2d Cir. 2014) (internal quotation marks, brackets, and citations omitted). Yarleque's testimony was more than sufficient to establish the prerequisites for the admission of the hearsay statements of a co-conspirator pursuant to Fed. R. Evid. 801(d). Gonzalez Cueto argues that the testimony should not have been admitted because the judge's finding that the

prerequisites were met had been made before trial based on a proffer of expected testimony by "CW-1," and at that time the district court was under the impression that CW-1 was another co-conspirator, Yarleque's uncle Walter. We review this argument only for plain error because Gonzalez Cueto did not renew his objection at trial when CW-1 turned out to be Yarleque, rather than Walter. *See United States v. Pierce*, 785 F.3d 832, 840 (2d Cir. 2015) ("[B]ecause [the defendant] failed to raise these objections at trial we review the admission of this evidence for plain error."). We identify no error, and certainly no plain error, in the admission of the co-conspirator statements. The testimony supported the findings and, if credible, was sufficient regardless of whether Walter or Yarleque provided it. Gonzalez Cueto never argued to the district court that its pretrial ruling should be revisited to address the credibility of the testimony, and the district court never indicated before trial that its ruling hinged on the credibility of Walter (who had not testified in person) nor indicated during trial that it had any reservation about the continued validity of its ruling after hearing live testimony from Joel.

Gonzalez Cueto next argues that the district court erred by excluding testimony from former defense counsel about incidents suggesting that he was technologically inept, to support his argument that he did not intentionally interfere with the recording application during the controlled delivery. However, there was uncontested testimony that the recording application during the controlled delivery did not require Gonzalez Cueto to operate any technology at all; instead, the application was set to record so long as he left his phone in his pocket, as he was clearly instructed to do. Accordingly, testimony that Gonzalez Cueto struggled with different technology on other occasions was of limited relevance, and the district court did not abuse its discretion by excluding it.

Finally, Gonzalez Cueto challenges the admission of evidence that he made previous trips to Peru to bring cocaine into the United States, arguing that it was not probative of his knowledge of the contents of his suitcase on the occasion charged in the indictment. We disagree. Moreover, we fail to see any prejudicial effect, as this evidence was introduced through Joel Yarleque, whose testimony the jury was free to credit or discredit. To the extent the jury believed his testimony that Gonzalez Cueto was a knowing participant in the conspiracy with Joel and Raul with respect to the most recent trip to Peru, then any testimony about his previous trips with the same co-conspirators did not further prejudice him. Accordingly, the district court did not abuse its discretion in admitting this evidence.

Gonzalez Cueto also challenges the district court's refusal to provide him with "safety-valve" relief during sentencing. We review the sentencing court's interpretation of the safety valve provisions de novo. *United States v. Ortiz*, 136 F.3d 882, 883 (2d Cir. 1997). The safety valve provisions set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 direct a district court to sentence without regard to an applicable statutory mandatory minimum if the defendant establishes five factors, the one relevant here being the fifth: "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." *Ortiz*, 136 F.3d at 883 (internal quotation marks and citation omitted); *see also* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. The burden is on the defendant to prove entitlement to safety-valve relief by a preponderance of the evidence. *See United States v. Jimenez*, 451 F.3d 97, 102 (2d Cir. 2006). That is because "[t]he defendant has

full knowledge of the scope of his wrongdoing, and it is the defendant who seeks an adjustment in the otherwise applicable sentencing range." *Id*.

The district court did not commit error in rejecting the safety valve application. The district court found that Gonzalez Cueto failed to provide the government with all information and evidence:

> You knew or had a good reason to know that what you were carrying in your suitcase the many times that you traveled from Peru to New York was something that you shouldn't be bringing to the United States. You knew or didn't want to know. You had a pretty good idea that what you were being asked to bring to the United States and being given money to do it was wrong because there was something in those suitcases that shouldn't be being brought into the United States. In this case it was over two kilograms of cocaine. It's a lot of cocaine . . . His testimony when he was called here to testify was not truthful . . . He pretty much denied everything that was fairly obvious and testified to by witnesses . . .

App'x at 33-35. Gonzalez Cueto argues that the district court's reliance on his testimony at trial was in error because he subsequently proffered with the Government. However, Gonzalez Cueto claimed at sentencing that he testified "honestly and truthfully" at trial and that his statements at the proffer session were consistent with that testimony. [App'x 26] Thus, the district court did not err in concluding that Gonzalez Cueto was not entitled to safety-valve relief because it found that he was untruthful about his involvement in the offense at trial, and he maintained that version of the events during the proffer.

We have considered the remainder of Gonzalez Cueto's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk